### HEIMBERGER and Others *v.* BOYD and Others.

A mortgagor, after condition broken, has a right at any time before the mortgage is foreclosed, to redeem, by refunding the money intended to be secured by the mortgage.

Such right of redemption is a leviable interest which may be sold on execution.

But, under section 436, 2 R. S. 135, the purchaser at sheriff's sale will not be entitled to the possession of the property sold, until he complies with the conditions of the mortgage.

APPEAL from the *Dearborn* Common Pleas.

DAVISON, J.—This was an action, by the appellants, who were the plaintiffs, against *John Boyd, Edward A. Conger, John Graff* and *Benjamin Vail,* to recover the possession of personal property. The complaint is in the usual form; alleges that the property described is in the possession of the defendants, without right, and that they unlawfully detain the same from the plaintiffs. Defendants, in their answer, allege, substantially, these facts: At the *May* and *September* terms of the *Dearborn* Circuit Court, in the year 1859, two judgments were recovered, in said Court, against *John B.*

*Vail*, one in favor of *John Graff* for 452 dollars, and the other in favor of *Benjamin Vail* for 304 dollars. Executions were duly issued on these judgments and delivered to *John Boyd*, the then sheriff of *Dearborn* county, who, in virtue thereof, on the 15th of *December*, 1859, by *Edward A. Conger*, his deputy, seized and took into his possession the property described in the complaint. It is averred that the property so seized was, at the time of its seizure, in the possession of *John B. Vail*, the execution defendant, and, as his property, was subject to levy and sale under and by virtue of said executions. To the defence thus pleaded the plaintiff replied, in substance, as follows: That, on the 7th of *May*, 1859, and prior to the rendition of said judgments, *Vail*, the said execution defendant, made and delivered to them his deed of mortgage, whereby he sold and conveyed to them the property now in controversy, which deed was and is subject to the condition, that if the said *John B. Vail* should pay certain bills of exchange, "which are described in the mortgage, and which had been drawn and endorsed by the plaintiffs for his accommodation," as they respectively mature, and would save the plaintiffs from any loss by reason thereof, then said mortgage deed was to be void; but if otherwise, it was to be foreclosed and the mortgaged property sold to re-imburse, to the plaintiffs, or any one of them, any sum of money which they, or either of them, should be obliged to expend in payment of the bills. And *Vail*, the mortgagor, on his part expressly agreed, "that he would keep and take proper care of the mortgaged property." This mortgage was duly acknowledged at its date; was duly recorded on the 11th of *May*, 1859, and a copy of it was filed with the reply. It is averred that *Vail* did not pay the bills, or any part thereof, as they respectively matured, or at any other time; but that the plaintiffs, as such drawers and endorsers, were compelled to and did pay and take them up, before the seizure of the mort-

gaged property by the sheriff, &c. Wherefore, &c. Demurrer to the reply sustained; and the plaintiffs, having refused to amend, or to make further reply to the answer, final judgment was given to the defendants.

The only question to settle is, were the plaintiffs, in virtue of their mortgage, entitled to possess the property? We have a statute which says: " Goods and chattels pledged, assigned or mortgaged as security for any debt or contract, may be levied upon and sold on execution, against the person making the pledge, assignment or mortgage, subject thereto, and the purchaser shall be entitled to the possession upon complying with the conditions of the pledge, assignment or mortgage." 2 R. S. p. 135, sec. 436. It must be conceded that the mortgagor, though the condition of the mortgage had been broken, had a right at any time before the mortgage was foreclosed, in accordance with the effect of the condition, to redeem by refunding the amount advanced by the mortgagees in taking up the bills. In this respect there is no essential difference between mortgages, whether they be on real or personal property. And, as we construe the statute above recited, it makes such right of redemption a leviable interest which may be sold on execution. It follows, the sheriff had a perfect right to seize and possess the property, preparatory to the sale of the mortgagor's interest. *Stief* v. *Hart*, 1 Comstock 20. And the statute, as we have seen, effectively protects the rights of the mortgagee, by withholding possession from the purchaser, at such sheriff's sale, until he complies with the conditions of the mortgage. The appellants refer to *McTaggart* v. *Rose*, 14 Ind. 230. That case, however, is not an authority in point, because there the mortgage had become forfeited; the mortgagee, under the express stipulation in the mortgage, had taken possession of the mortgaged property and sold it, in effect foreclosed the mortgage, and the same was levied on in the possession of his vendee. The

demurrer to the reply was, in our opinion, well taken, and the judgment must, therefore, be affirmed.

*Per Curiam.*—The judgment is affirmed, with costs.

*D. S. Major*, for the appellants.