SCHRADER v. WOLFLIN.

MORTGAGED CHATTELS, SALE OF.—The equity of redemption of mortgaged chattels may be sold on. execution, and the sheriff is entitled, for that purpose, to levy upon and take possession of the same.

TENDER—PRACTICE.—It is doubtful whether proof. of tender is admissible under the general denial.

SAME.—Where chattels have been wrongfully replevied from a sheriff, and the party replevying, in answer to an action on the replevin-bond, attempts to prove that, "after the dismissal of the replevin suit, he offered to return the chattels to the sheriff, which he refused to accept because instructed so to do by the attorney of the execution plaintiff," such proof is inadmissible, because insufficient to establish a legal tender.

TENDER.—A tender, sufficient to discharge a contract, must be so complete and perfect as to vest the absolute property in the person to whom it is tendered.

MEASURE OF DAMAGES.—In an action upon a replevin-bond, to recover the value of chattels wrongfully replevied, the measure of damages is the value of the goods, and not the price at which the defendant may have sold them.

APPEAL from the *Vanderburgh* Circuit Court.

WORDEN, J.—This was an action by *Wolflin* against *Schrader*, upon a replevin-bond. Judgment for the plaintiff.

The facts are briefly these:

*Schrader* held a chattel mortgage from one *Saner*, on certain personal property, to secure the payment of a debt. *Wolflin*, as sheriff, held two executions against *Saner*, by virtue of which he levied upon the same personal property. *Schrader* replevied the property from *Wolflin*, and had the same delivered to him, having executed the bond in suit. *Schrader* suffered a non-suit in the action of replevin. There does not appear to have been any breach of the condition of the mortgage at the time the property was levied upon.

Schrader *v.* Wolflin.

The equity of redemption might have been sold in execution, and for that purpose, the sheriff had a right to levy upon and take possession of the property. *Heimberger* v. *Boyd*, 18 Ind. 420.

On the trial, the defendant offered to prove that, after the dismissal of the replevin suit, "he offered to return said property to the said sheriff, and that the sheriff refused to accept it because instructed to do so by the attorney of the execution plaintiff." This evidence was rejected.

There was no plea of tender, and it is questionable whether the matter thus offered, could be given on evidence under the general denial; it would seem to have been new matter that required pleading. But, passing by this question, it seems to us, that the evidence, as offered, fell short of making out a valid tender.

We see no reason why a tender, in this case, should not stand upon the same ground as a tender in case of an ordinary agreement for the delivery of chattels. Says *Mr. Parsons:* "These two things go hand in hand. If the contract and its obligation are discharged by the tender, the property in the chattels passes by the tender; and, on the other hand, if the property passes by the tender, the contract is discharged. And, therefore, whenever a tender would discharge the contract, it must be so complete and perfect as to vest the property in the promisee, and give him, instead of the *jus ad rem*, which he loses, an absolute *jus in re*." 2 Pars. Cont. p. 160.

Tested by this rule, it is apparent, that the evidence offered was wholly insufficient. It does not appear, by the evidence offered, where the property was at the time the offer of return was made; nor was evidence offered to show that the property was turned out to, or set apart for, the plaintiff; nor were any facts offered in evidence, to show—had this been the case of an ordinary agreement for the sale of chattels—

Schrader *v.* Wolflin.

that the title to the property would have vested in the plaintiff, and the contract thereby have been discharged. There was no error in excluding the evidence as offered.

The defendant further offered to prove, that, immediately after he got possession of the property on the writ of replevin, he advertised the same for sale at public auction, and thus sold the same in good faith, and the price for which the same was sold, and the costs attending the sale; but this evidence was also rejected. In this ruling we think no error was committed.

The price at which the defendant sold the goods was not the criterion for the measure of damages. The value of the goods would ordinarily form the proper criterion of measuring damages for their non-delivery.

In this case, the property in the hands of the sheriff was subject to the lein of *Schrader,* by virtue of his mortgage. Had the levy not been made, *Schrader* might undoubtedly have sold the property on his mortgage; but he could not, by making such sale, prejudice the rights of the execution plaintiff. Had the property been sold on the executions, it might have brought more than at the sale as made by *Schrader.* It seems to us, that the defendant can not complain of the rule of damages adopted in this case, which was, as we gather it from the facts that appear, to estimate the property at its value, deducting therefrom the amount of the debt secured to *Schrader* by his mortgage, giving the plaintiff the overplus, which was less than the executions on which the levy was made.

*Per Curiam.*—The judgment is affirmed, with costs, and 1 per cent. damages.

*James E. Blythe* and *P. Maier,* for the appellant.

*Asa Iglehart,* for the appellee.