## OLDS *v.* ANDREWS.

REPLEVIN.—*Answer.—Chattels levied on by Officer.*—In an action of replevin, the defendant answered that he was a constable, and as such had levied executions on the property in question "as the property of" an execution defendant, but there was no averment that the property belonged to such execution defendant, nor that it was subject to levy on such executions. *Held,* on demurrer, that the answer is bad.

SAME.—*Chattel Mortgage.—Equity of Redemption subject to Execution.*—The equity of redemption of property covered by a chattel mortgage is subject to execution, and therefore the mortgagee can not replevy the same from an officer who, while they are in the possession of the mortgagor pursuant to the terms of the mortgage, has levied on them for sale on an execution against the mortgagor.

HOWK, J., dissents.

From the Clay Circuit Court.

*W. P. Blair, S. W. Curtis*.and —— *Holliday,* for appellant.

*G. A. Knight* and *C. H. Knight,* for appellee.

BIDDLE, J.—Complaint by the appellee, against the appellant, to recover the possession of personal property. The appellant answered by a general denial and a special paragraph. Demurrer to special paragraph, for want of

facts, sustained. Trial by the court and finding for appellee. By a motion for a new trial and his assignments of error, the appellant presents two questions for our consideration :

1. The sufficiency of the second paragraph of answer;

2. The sufficiency of the evidence to sustain the verdict.

1. The sufficiency of the second paragraph of answer.

The facts in brief, as stated in this paragraph, are as follows :

That the defendant was a constable; that he had then several executions in his hands for service, in favor of the three several plaintiffs, but all against the goods and chattels of " The Otter Creek Block Coal Company ;" that, as commanded by said writs, he levied upon the property described in the complaint, and took possession of the same, as the property of the said " Otter Creek Block Coal Company," and that the appellee replevied the same.

The defect in this paragraph is that it nowhere avers that the property in controversy belonged to " Otter Creek Block Coal Company," and was subject to execution. The demurrer to it was properly sustained.

2. The sufficiency of the evidence to sustain the verdict.

The appellee, to sustain his case at the trial, introduced a chattel mortgage executed by " The Otter Creek Block Coal Company" to himself, to secure to him the payment of three several promissory notes, with the usual condition, that, upon breach by the mortgagor, the mortgagee should have possession of the goods " for his own use forever," contemplating that the goods should remain in possession of the mortgagor until breach. He also introduced evidence tending to show a breach of the condition of the mortgage by the non-payment of the notes secured thereby, as stipulated therein.

The appellant introduced as evidence three several exe-

Olds *v.* Andrews.

cutions issued to him as constable on judgments against "The Otter Creek Block Coal Company," and the levy made on the property in suit, in pursuance of the command of the writs, as the property of said company.

Other evidence as to value, etc., was introduced.

The question is thus presented, which party had the right of possession of the property at the time the suit was commenced, the appellant by virtue of his office, the writs of execution in his hands, and the levy made upon the property thereon, or the appellee by his right under the chattel mortgage?

This question has been settled by this court. *Mobley* v. *Letts*, 61 Ind. 11; *Heimberger* v. *Boyd*, 18 Ind. 420; *Schrader* v. *Wolflin*, 21 Ind. 238; *Sidener* v. *Bible*, 43 Ind. 230; *Broadhead* v. *McKay*, 46 Ind. 595; *Landers* v. *George*, 49 Ind. 309; Herman Chat. Mortgages, secs. 191, 192.

The equity of redemption in the mortgaged goods still remained in the mortgagor; that was an interest which might be sold by virtue of the executions in the hands of the constable; and whatever substantial interest the mortgagee may have in the goods, he had not the right of possession as against the constable for the purpose of making the sale after the levy, nor at the time he commenced this suit; he can not, therefore, maintain an action for their possession. Sec. 436, 2 R. S. 1876, p. 207.

Howk, J., dissents.

The judgment is reversed, at the costs of the appellee, and cause remanded with instructions to sustain the motion for a new trial, and for further proceedings.

Opinion filed at November Term, 1878.
Petition for a rehearing overruled at May Term, 1879.