RAYMOND ET AL. *v.* PARISHO.

RIGHTS OF PROPERTY.—*Complaint.*—In an action to try the rights of property, under the statute on that subject, 2 R. S. 1876, p 665, the complaint must set forth "the nature of" the plaintiff's "claim, whether absolute or conditional," and must also be verified.

SAME.—*Proof of Ownership must Conform to Allegations—Evidence.—Variance—Chattel Mortgage.*—Where such complaint alleges absolute ownership in the plaintiff, he can not recover on proof of mere conditional ownership, such as that conferred on him by a chattel mortgage.

SAME.—*Amendment—Supreme Court.*—An amendment of such allegation of ownership should be verified, and, therefore, can not be deemed by the Supreme Court to have been made below.

SAME.—*Execution.*—*Equity of Redemption of Mortgaged Chattel.*—The equity of redemption of a mortgaged chattel can be sold on execution.

From the Bartholomew Circuit Court.

*R. Hill*, for appellants.

WORDEN, J.—Raymond and Robbins had an execution against James L. Wright issued by Jacob J. Rowe, a justice of the peace of Bartholomew county, which was levied upon certain property, as the property of Wright. Parisho, claiming to own the property, filed a claim thereto before the justice, under the provisions of the act authorizing proceedings to try the right of property. 2 R. S. 1876, p. 665. In his complaint, he stated that the property levied upon " at the time of said levy was, and still is, absolutely his property, and that the same is not subject to be levied upon to satisfy said execution." The complaint was duly verified.

There was an appeal from the judgment of the justice in the cause, to the circuit court, where it was tried by a jury, who returned the following verdict, on which judgment was rendered for the plaintiff, viz.:

" We, the jury, find that the plaintiff is the owner and entitled to the possession of the property mentioned in his complaint, except," etc.; "that the value of the property to which the plaintiff is entitled is one hundred dollars; that the plaintiff has a lien, by chattel mortgage, to secure a debt of one hundred and twenty-six dollars and fifteen cents, remaining due to plaintiff from defendant James L. Wright."

The court gave to the jury, over the exception of the defendants, the following charge:

"It is not necessary that the plaintiff should have been the absolute owner of the property levied on, at the time of commencing this action, to entitle him to recover. If you find that, at the time, he held an unsatisfied valid mortgage upon any part of the property, which can be identi-

fied as covered by the mortgage, he would have the same right to recover in this action as if he had been the absolute owner thereof, so far as that question is concerned."

We think the court fell into an error in giving this charge. In the complaint, the plaintiff claimed to be the absolute owner of the property. The charge, therefore, holds that on a complaint under the statute, claiming the absolute ownership of the property, the plaintiff may recover, as the mortgagee thereof. Such mortgagee, however, has but a conditional title to the property.

The first section of the statute above noticed requires the plaintiff in such action to set forth " the nature of such claim, whether absolute or conditional." And the claim must be verified. This requirement would be substantially abrogated, if the plaintiff might, in his complaint, set up a claim of the one kind, and make out his case by proof of a right of the other.

This would violate the familiar rule that the allegations and proof must agree. Nor can we regard the complaint as amended, so as to admit a recovery on proof of a conditional claim, for the reason, if for no other, that amendments to such complaints must be verified. Sec. 7 of the act.

The verdict itself seems to be inconsistent and repugnant, though no point is made upon it by the appellants. It first finds that the plaintiff is the owner of the property, etc.; and then finds that he has a lien upon it, by virtue of a chattel mortgage. Possibly, it may be construed to mean that the plaintiff is the owner of the property by virtue of his lien as a mortgagee; but this would be no more than saying that he has a valid subsisting mortgage upon it.

It would seem, that, if the plaintiff had but a mortgage upon the property from Wright, the equity of redemption of the latter might be sold on execution against him. *Olds* v. *Andrews*, 66 Ind. 147.

We have no brief for the appellee, and are not advised of the views of the court below or the counsel for the plaintiff in respect to the point we have considered. The appellants have discussed some questions of vital importance to the case which we pass over, having no argument for the appellee. For the error in giving the charge set out, the judgment must be reversed.

The judgment below is reversed, with costs, and the cause remanded for a new trial.