## SPARKS *v.* COMPTON.

MORTGAGED CHATTELS.—*Sale of, on Execution.—Replevin.—Possession.—Priority.*—Under section 436, 2 R. S. 1876, p. 207, mortgaged chattels may be levied upon and sold, subject to the mortgage, to satisfy an execution against the mortgagor ; and, under section 469, 2 R. S. 1876, p. 218, the officer holding such execution is entitled to possession of the mortgaged chattels, even as against the mortgagee, for the purpose of making such sale.

From the Montgomery Circuit Court.

*E. C. Snyder*, for appellant.

*P. S. Kennedy* and *W. T. Brush*, for appellee.

HOWK, J.—This was a suit by the appellant, against the appellee, to recover the possession of two horses and one wagon, of which the appellant alleged that she was the owner, that the appellee had possession thereof without right and unlawfully detained the same from her, and that the same had not been taken by virtue of any execution or other writ against the appellant. Wherefore, etc.

The trial of the cause by the court resulted in a finding and judgment for the appellee, the defendant below; and the appellant's motion for a new trial having been overruled, and her exception saved to such ruling, she has appealed from the judgment rendered to this court.

The appellant has here assigned, as error, the overruling of her motion for a new trial; and in this motion the only causes assigned for such new trial were, that the finding of the court was not sustained by sufficient evidence, and that it was contrary to law. It will be seen, therefore, that the only questions in this case, for the decision of this court, relate to and depend upon the evidence. A bill of exceptions, containing the evidence, is properly in the record; and we find it necessary to a proper understanding of the case, and of the questions decided, that we should give a summary, at least, of the material facts established by the evidence.

On and before the 25th day of August, 1876, the personal property described in the appellant's complaint in this suit, and a number of other chattels, were owned and possessed by one James Hancock, who was the husband of the appellant's daughter, and who lived, together with his wife and the appellant, in Montgomery county, Indiana. On said August 25th, 1876, the said James Hancock, having become indebted to the appellant in the sum of three hundred dollars, executed to her his note of that date for that sum, payable five years after date to her order; and, to secure the payment of said note, the said James Hancock, on the same day, executed to the appellant a chattel mortgage on divers articles of personal property, and, amongst others, on the two horses and wagon in controversy in this suit. It was stipulated in said mortgage, that the said James Hancock should retain possession of the personal property described therein, until the said note thereby secured became due; but it was also agreed therein, among

other things, that "if the property shall be levied on, by execution from any court," then "the mortgagee shall have the right to take immediate and unconditional possession of the same for her own use forever." This mortgage was recorded in the recorder's office of the proper county, within ten days after its execution.

The appellee, Eli Compton, was a constable of Montgomery county, and had in his hands an execution, issued to him by a justice of the peace of said county, on a judgment rendered by said justice, in favor of one Charles Roundtree and against the said James Hancock, for the sum of $152.00, and costs taxed at $2.75. By virtue of said execution, the appellee, as such constable, on the 30th day of November, 1877, levied upon the said personal property, described in the appellant's complaint in this suit, as the property of said James Hancock. While said personal property was in possession of the appellee, as such constable, by virtue of said levy and before the commencement of this suit, the appellant notified him that she was the owner, and entitled to the possession, of said property, and demanded possession thereof, which was by him refused.

Upon the foregoing facts, the question for decision is, was the appellant entitled to the possession of the property in controversy, as against the appellee?

In section 436 of the code, it is provided that "Goods and chattels pledged, assigned or mortgaged as security for any debt or contract, may be levied upon and sold on execution against the person making the pledge, assignment or mortgage, subject thereto, and the purchaser shall be entitled to the possession, upon complying with the conditions of the pledge, assignment or mortgage." 2 R. S. 1876, p. 207. Under this section of the statute, as construed by this court, the appellee, as constable, by virtue of the execution in his hands against the said James Han-

cock, was fully authorized to levy upon, seize and take and hold the possession of the goods and chattels mortgaged by said Hancock to the appellant, and to sell the same subject to said mortgage. The possession of such goods and chattels, by the officer selling the same, is essential to the validity of the sale ; for, in section 469 of the code, it is provided that " Personal property shall not be sold unless the same shall be present and subject to the view of those attending the sale." 2 R. S. 1876, p. 218. In construing these statutory provisions, it has been repeatedly decided by this court, that, where mortgaged goods and chattels have been levied upon by an officer, under an execution against the mortgagor, such officer will be entitled, as against the mortgagee, to the possession of such goods and chattels, for the purpose of selling the same subject to the mortgage. *Coe* v. *McBrown*, 22 Ind. 252 ; *Landers* v. *George*, 49 Ind. 309 ; *Olds* v. *Andrews*, 66 Ind. 147 ; Herman on Chattel Mortgages, secs. 191 and 192.

We can see no sufficient reason for adopting a different rule of construction or decision, in the case at bar. Therefore, we are of the opinion that the court committed no error, in this case, in overruling the appellant's motion for a new trial.

The judgment is affirmed, at the appellant's costs.