Emmons v. Hawn.

No. 7871.

EMMONS v. HAWN.

CHATTEL MORTGAGE.—*Execution.— Sale of Property.*—Where mortgaged goods and chattels have been levied upon by an officer, under an execution against the mortgagor, such officer will be entitled, as against the mortgagee, to the possession of such property for the purpose of selling the same subject to the mortgage.

SAME.—*Purchase by Mortgagee at Sale Under Mortgage.—Title of Purchaser. —Levy and Sale.*—When, by the agreement of the mortgagor and mortgagee, and in accordance with the stipulations of the mortgage, the personal property therein described is sold at public auction to pay the mortgage debt, and the mortgagee, *bona fide*, becomes the purchaser thereof, he takes an absolute title thereto. freed from the lien of the mortgage; and the bare fact that, after his purchase, he left the property with the mortgagor, to be cared for by him, would not subject them to levy and sale as the property of the mortgagor.

From the Hendricks Circuit Court.

*C. C. Nave*, for appellant.
*L. M. Campbell*, for appellee.

Emmons *v.* Hawn.

Howk, C. J.—In this action the appellee sued the appellant to recover the possession of five mules, the description and value of each of which were stated in the complaint. The appellee alleged that he was the owner and entitled to the possession of the five mules, which the appellant, on the 4th day of December, 1878, unlawfully and wrongfully took into his possession and converted to his own use, and still retained and held possession of, to appellee's damage in the sum of one thousand dollars. The suit was commenced on December 5th, 1878, and afterward, on December 17th, 1878, the appellee filed the affidavit required by law, and thereon obtained an order for the delivery of the possession of the mules to him. The cause having been put at issue and tried by a jury, a verdict was returned finding the mules to be of the value of $275, and the property of the appellee, and finding for the appellee and assessing his damages at $5.50. The appellant's motion for a new trial having been overruled, and his exception saved to this decision, the court rendered judgment on the verdict.

The appellant has here assigned as errors the following decisions of the circuit court:

1. In overruling his motion for a new trial;

2. In overruling his motion to quash the affidavit in replevin.

We find it necessary to a proper understanding of the questions presented for our decision, that we should first give a statement of the facts of this case, as shown by the record: On the 18th day of May, 1877, one Edmund Mahoney, of Hendricks county, executed a chattel mortgage to the appellee, Hawn, on the mules in controversy in this action, and divers other articles of personal property, to secure the payment of certain notes, described in said mortgage executed by said Mahoney to the appellee. It was stipulated in said mortgage, among other things, that if Mahoney made default in the mortgage debt, when it became

due, it should then be lawful for the appellee, the mortgagee, to take immediate possession of the mortgaged property, and sell and dispose of the whole or so much thereof as might be necessary to pay such debt, interest, costs and expenses, and existing liens thereon, at public auction. On the 1st day of November, 1877, the mortgage debt became due, and Mahoney failed to pay any part of it, and it was then agreed between him and the appellee that the property should be advertised and publicly sold, according to the conditions of the mortgage. The appellee accordingly caused written notices to be posted in public places that he would sell the said property on the 1st day of December, 1877; and on that day he attended said sale, and, being the highest and best bidder, he became the purchaser of all the said property. After his said purchase, the appellee left the said mules with said Mahoney to feed and take care of.

In November, 1878, and until the commencement of this suit, the appellant, Emmons, was the sheriff of Hendricks county. On the 7th day of November, 1878, there came to the hands of the appellant, as such sheriff, an execution of that date, issued out of the court below on a judgment therein rendered, on the 10th day of June, 1876, in favor of Christian C. and Christian A. Nave, and against the said Edmund Mahoney, for the sum of $193 and the costs of suit. When the appellant demanded property of said Mahoney, under said execution, he was informed by said Mahoney that he, Mahoney, did not own any property. The mules in controversy in this suit were then on the farm on which Mahoney lived, but the latter told the appellant that these mules were the property of the appellee, Hawn. Afterward, on the 4th day of December, 1878, by the direction of the execution plaintiffs, the appellant, as such sheriff, levied said execution upon the said mules as the property of said Mahoney, and kept them until a writ was issued in this suit therefor, when he delivered them to the appellee, Hawn.

The above recited facts were fully established by the evidence in the record, without any conflict or contradiction therein. It is very clear therefrom that the verdict of the jury in this case was sustained by sufficient evidence, and that it was not contrary to law. The instructions asked for by the appellant's learned counsel, in the trial court, and their argument in this court, show very clearly, to our minds, that their theory of the case made by the evidence was radically erroneous. In both courts it is apparent that the appellant's counsel have assumed that the appellee claimed to be the owner, and entitled to the possession, of the property in controversy, solely as the mortgagee thereof under his chattel mortgage. If counsel were right in this assumption, there would be no room for doubt but that the verdict of the jury was contrary to law. For, in section 436 of the code of 1852, and re-enacted in section 510 of the civil code of 1881, it was provided, in substance, that goods and chattels, mortgaged as security for any debt or contract, might be levied upon and sold on execution against the mortgagor, subject to such mortgage, and that the purchaser should be entitled to the possession, upon complying with the conditions of the mortgage. In construing this section of the code, this court has often decided that where mortgaged goods and chattels have been levied upon by an officer, under an execution against the mortgagor, such officer will be entitled, as against the mortgagee, to the possession of such goods and chattels, for the purpose of selling the same subject to the mortgage. *Coe* v. *McBrown*, 22 Ind. 252; *Landers* v. *George*, 49 Ind. 309; *Olds* v. *Andrews*, 66 Ind. 147; *Sparks* v. *Compton*, 70 Ind. 393; Herman Chattel Mortgages, secs. 191, 192.

But the facts of this case, as shown by the evidence, do not sustain the appellant's theory of the case. These facts show that the appellee was, and had been for nearly a year before the commencement of this suit, the absolute owner

Emmons v. Hawn.

of the property in controversy, and that as such owner, and not as mortgagee, he demanded, sued for, and recovered the possession of such property. When, by the agreement of the mortgagor and mortgagee, and in accordance with the stipulations of the mortgage, the personal property described in the mortgage was sold at public auction to pay the mortgage debt, we are of the opinion that the purchaser of the property took an absolute title thereto, freed and discharged from the lien of the mortgage thereon. There is no evidence in the record, which tends even to impeach the publicity, fairness or *bona fide* character of the appellee's purchase of the property; and the bare fact that, after his purchase, he arranged with Mahoney to feed and take care of the mules in controversy, and left them in his custody for that purpose, would not subject them to levy and sale as the property of Mahoney.

Our conclusion is, that the trial court committed no error in overruling the appellant's motion for a new trial.

Upon the second error assigned, namely, the overruling of the motion to quash the affidavit in replevin, all that is said by the appellant's counsel, in his elaborate brief of this cause, is this: "The affidavit in replevin, filed in said cause, is clearly bad." Wherein the affidavit is bad, the learned counsel has failed to inform us, and we confess our inability to find any defect therein, if any exists. It seems to us to be in strict compliance with the requirements of the code. The motion to quash the affidavit was correctly overruled. We find no error in the record.

The judgment is affirmed, at the appellant's costs.