Dill *et al. v.* Vincent.

No. 8418.

## DILL ET AL. *v.* VINCENT.

JUDGMENT.—*Decree of Foreclosure.—Collateral Attack.—Action to Recover Real Estate.—Sheriff's Sale.—Presumption.*—A decree of foreclosure against a woman and her husband can not be successfully attacked by her as a defendant in a collateral proceeding by the holder of the sheriff's deed to recover possession of the real estate sold and conveyed to him by virtue of the decree. The correctness of the decree, and of the sheriff's sale under it, must be presumed against her.

SAME.— *Wife's One-Third of Proceeds.*—In such case, if the wife be entitled to one-third of the proceeds arising from the sale of the mortgaged premises, she must enforce her right by separate action. It would not defeat the purchaser's right to possession.

From the Dearborn Circuit Court.

*W. S. Holman, J. Schwartz* and *O. M. Wilson,* for appellants.

*O. B. Liddell,* for appellee.

ELLIOTT, J.—This was an action instituted by the appellee against the appellants, to recover the possession of real estate.

The only questions presented by this appeal are those arising upon the refusal of the trial court to award a new trial, which was claimed by the appellants.

The appellee founded his claim of title upon a sheriff's deed executed to him by the sheriff of Dearborn county. In support of his claim he introduced a judgment and decree, sheriff's return to the certified copy of the decree, and the deed thereon executed by the sheriff. The principal contention of counsel for appellants is, that the appellant Barbara Dill is entitled to one-third of the property sold by the sheriff and claimed by the appellee. The decree was based upon several mortgages which had been executed by the appellant Barbara Dill and her husband, Liborious Dill. There were also embraced in the decree several judgments against the husband alone, the holders of which had been made parties as junior incumbrancers to the foreclosure proceedings. The decree con-

tained a proviso barring the equity of redemption of both husband and wife, and directing a sale of the mortgaged premises; and it also provided for the disposition of the surplus remaining after satisfaction of the judgment.

The appellee bid in the property for $1,500, which was the amount due upon the mortgages and judgments described in the decree.

The purchase by Vincent under the decree gave him a title to the land purchased, freed from the claims of Mrs. Dill. If the decree was erroneous in directing a sale of the land, and in divesting her of her rights therein, it can not be successfully attacked in this collateral manner. If counsel are right in their position, that the decree divesting Mrs. Dill of her rights is wrong, their remedy is by a direct attack upon the judgment and decree. The appellee's answer to the argument of appellants is, that the case is strictly analogous to cases where there are some claims waiving relief from valuation laws, and others containing no such waiver, and that, as it is proper in such cases to render judgment directing one sale, and that without relief, it was proper to render one decree in this case directing a sale of the entire tract, making proper provision for distribution of proceeds of surplus remaining after satisfaction of the decree on the mortgage. This question is not in this case. The question would be properly presented in a direct attack upon the judgment; it is not involved in this collateral proceeding.

It is argued that Mrs. Dill is entitled to one-third of the proceeds arising from the sale of the mortgaged premises. If this were granted, it would avail nothing here, for it would not defeat appellee's right to possession. If the appellant Barbara Dill has any such right, it must be enforced in the proper action against the proper parties. The decree contained a provision for the disposition of the surplus remaining after satisfaction of the judgment. If this provision was the correct one, Mrs. Dill must proceed against the persons charged with the due execution of the decree; if not correct, then her

Lary v. The Cleveland, Columbus, Cincinnati and Indianapolis R. R. Co.

remedy, if any she has, would be to compel a proper correction of the erroneous decree.

It is contended that the premises were not sold in parcels. The decree of foreclosure settled this question, and appellants' argument upon this point is foundationless. If this were not so, the presumption is, that the sheriff did his duty in making the sale, and there is nothing tending to show the contrary.

Judgment affirmed.

Opinion filed at May term, 1881.
Petition for a rehearing overruled at November term, 1881.