No. 7797.

## LOUTHAIN ET AL. *v.* MILLER.

VERDICT.—*Special Findings.*—*Practice.*—*Evidence.*—An inconsistency between a general verdict and the answers by the jury to special questions of fact, which will justify a verdict upon the latter against the former, must be irreconcilable in view of the pleadings alone, without reference to the evidence.

CHATTEL MORTGAGE.—*Consideration.*—A chattel mortgage to secure a pre-existing debt is supported by a sufficient consideration, except as against a prior equity.

SAME.—*Fraud.*—*Question of Fact.*—An agreement between the mortgagor and mortgagee of a chattel, that the former may sell the chattel, is not, as a matter of law, fraudulent, but the question of fraud is one of fact for the jury.

WRITTEN INSTRUMENT.—*Construction.*—*Instruction.*—The construction of a written instrument is for the court, and when by the face of the instrument it is so the court may tell the jury that "upon its face it purports to be executed for an honest purpose."

EXECUTION.—*Levy.*—*Chattel Mortgage.*—*Replevin.*—The sheriff may, by reason of the statute, R. S. 1881, section 722, levy upon and seize property which is under chattel mortgage, and is not thereby subject to an action of replevin at the suit of the mortgagee.

From the Superior Court of Cass County.

*D. C. Justice* and *D. B. McConnell,* for appellants.

*S. T. McConnell* and *T. J. Tuley,* for appellee.

ELLIOTT, J.—This is an action of replevin prosecuted by the appellee against the appellants.

The trial was by jury, and resulted in a verdict for the appellee. Interrogatories were propounded to the jury, and answers made to them as follows:

"1st. At the time Heffner executed the mortgage in controversy, did not Miller execute back to him written authority to sell the articles mortgaged, and, when sold, the mortgage was to be discharged, as to the articles sold? Ans. Yes.

"2d. Was not Miller also consenting that Heffner should sell any of the articles mortgaged in the usual retail way, replac-

ing the article sold with another of like character, and use the proceeds as he saw fit?    Ans.  No.

"3d.  Did Miller ever call Heffner to an account for the proceeds of the sale of any of the articles mortgaged?    Ans. No.

"4th.  Was not Heffner to have control of the stock, to sell it in the usual retail way, for all intents and purposes of his own?    Ans.  No.

"5th.  Was not Heffner, by the terms of the mortgage and the written agreement executed at the time, authorized and empowered to retain possession of the goods mortgaged, and sell them, discharged of the mortgage, without limitation Ans.  No.

"6th.  Was it not agreed between Heffner and Miller, at the time of the making of the mortgage, that Heffner was to retain possession of the property and sell the same, in the usual course of trade, at retail, and apply a portion of the proceeds thereof to the payment of claims not mentioned in the mortgage? Ans.  Yes."

The appellants moved for judgment on the answers of the jury, notwithstanding the general verdict.    This motion was overruled, as was also a motion for a new trial, and judgment was rendered on the general verdict.

The appellants insist that they are entitled to judgment on the answers, notwithstanding the general verdict, for the reason that the facts found show the mortgage to be void.    It is a familiar principle that judgment will be given on the answers to interrogatories only in cases where there is an irreconcilable conflict between them and the general verdict. There is no such conflict here.    For anything that appears in the pleadings, answers or verdict, the appellee's title may be founded upon a right altogether different and distinct from that created by the mortgage mentioned by the jury in their answers.    *Stevens* v. *City of Logansport,* 76 Ind. 498.    There is, therefore, upon the face of the verdict and the answers no

inconsistency, much less an irreconcilable antagonism. Questions as to the sufficiency of a verdict and as to whether there is an inconsistency between the general verdict and answers to interrogatories must be determined from the face of the record.

The evidence shows that the appellee claimed title through a chattel mortgage executed to him by Nathan Heffner, and that the appellants claimed it under executions issued against the mortgagor.

It is insisted, that, as the mortgage was executed to secure a pre-existing debt which Heffner owed the appellee, it is not supported by a sufficient consideration, and we are referred to *Busenbarke* v. *Ramey*, 53 Ind. 499; *Gilchrist* v. *Gough*, 63 Ind. 576; *Davis* v. *Newcomb*, 72 Ind. 413. We do not regard the cases as declaring the doctrine for which appellants contend. We understand them to hold that a pre-existing debt is not such a consideration as will make a purchaser a *bona fide* one in such a sense as to cut off prior equities; but we do not understand them to hold that an antecedent debt may not constitute a valuable consideration. We have no doubt that an antecedent debt is a valuable consideration, and that it will support a mortgage or other contract. *Hewitt* v. *Powers*, 84 Ind. 295; Jones Chattel Mortg., section 81.

The mortgage is said to be fraudulent, for the reason that there was an agreement between the mortgagor and mortgagee that the former might sell the mortgaged property; but this position can not be maintained. It is now well settled, that in such cases as the present the question of fraud is one of fact for the jury, and not one of law to be decided by the court. *Morris* v. *Stern*, 80 Ind. 227; *McLaughlin* v. *Ward*, 77 Ind. 383; *Lockwood* v. *Harding*, 79 Ind. 129; *Rose* v. *Colter*, 76 Ind. 590.

The court told the jury in one of its instructions, that "the mortgage upon its face purports to be executed for an honest purpose," and committed no error in making this statement.

The construction of written instruments is a matter for the court, and it does no wrong in informing the jury of the effect of the language used in the instrument in cases where there is no question as to its execution, and no dispute as to what provisions it contains.

We think the judgment must be reversed, for the reason that it was not shown that the appellants had tortiously seized or unlawfully detained the property in controversy. Appellee's claim to the property rested entirely on the mortgage executed to him by Heffner, and the right conferred by this mortgage did not preclude the execution plaintiffs from levying upon and taking possession of the property. The lien of the mortgage is not, to be sure, destroyed by such levy, but the interest of the mortgagor is covered by it. It has been held in many cases that property embraced in a chattel mortgage may be levied upon and taken into the possession of the sheriff under executions against the mortgagor. *Hackleman v. Goodman,* 75 Ind. 202; *Manns* v. *Brookville Nat'l Bank,* 73 Ind. 243; *Olds* v. *Andrews,* 66 Ind. 147; *Raymond* v. *Parisho,* 70 Ind. 256; *Sparks* v. *Compton,* 70 Ind. 393; *Mobley* v. *Letts,* 61 Ind. 11; *Heimberger* v. *Boyd,* 18 Ind. 420; *Schrader* v. *Wolflin,* 21 Ind. 238; *Sidener* v. *Bible,* 43 Ind. 230. In *Heimberger* v. *Boyd, supra,* it was said: "And, as we construe the statute above recited, it makes such right of redemption a leviable interest which may be sold on execution. It follows, the sheriff had a perfect right to seize and possess the property, preparatory to the sale of the mortgagor's interest. *Stief* v. *Hart,* 1 Comstock, 20. And the statute, as we have seen, effectively protects the rights of the mortgagee, by withholding possession from the purchaser, at such sheriff's sale, until he complies with the conditions of the mortgage."

Judgment reversed.