Hartlep *v.* Cole.

Filed April 25, 1885.

No. 11,538.

HARTLEP *v.* COLE.

PRACTICE.—*Judgment on Pleadings.--Rule to Answer.*—Where the parties by agreement submit a cause to the court for trial, a plaintiff who has not asked and obtained a rule to answer can not, after a finding by the court, successfully move for a judgment on the pleadings.

Hartlep v. Cole.

Same.—*Right of Trial Court to Change Ruling on Demurrer.*—A trial court may change a ruling on demurrer before trial, and the plaintiff can not complain of the action of the court in setting aside a ruling against him on a demurrer to the complaint and entering one in his favor.

Constable.—*Execution.—Protection of Officer by Writ.*—A constable is protected by a writ regular on its face and issued by a court of competent jurisdiction.

Replevin.—*Execution Defendant.*—An execution defendant can not maintain an action to recover personal property seized under an execution, except in cases where it affirmatively appears that the property was exempt from execution.

From the Warren Circuit Court.

*J. McCabe* and *E. F. McCabe*, for appellant.

*J. W. Cole*, for appellee.

Elliott, J.—The trial court sustained the appellee's demurrer to the second paragraph of the appellant's complaint, but subsequently set aside this ruling and overruled the demurrer. The record, after reciting this ruling, proceeds as follows: "And the issue being joined this cause for trial is submitted to the court, waiving the intervention of a jury." The evidence was heard, the cause taken under advisement, and on the day following the submission for trial a finding was made in favor of the appellee, whereupon the appellant moved for a judgment in his favor on the pleadings, for the reason that there was no answer to the second paragraph of the complaint. There was no error in overruling this motion. The submission of the cause to the court for trial without asking a rule to answer must be deemed a waiver, and we must treat the case as if the allegations of the complaint had been controverted by answer. *Trentman* v. *Eldridge*, 98 Ind. 525; *Buchanan* v. *Berkshire Life Ins. Co.*, 96 Ind. 510, *vide* p. 516; *Preston* v. *Sandford*, 21 Ind. 156; *Shirts* v. *Irons*, 28 Ind. 458; *Ringle* v. *Bicknell*, 32 Ind. 369.

The appellant had, no doubt, a right to require an answer, but as he voluntarily waived that right by agreeing to submit the cause for trial, he can not insist that the appellee confessed the truth of the allegations of the complaint. It

would be a vain thing to submit a case for trial where a valid cause of action was confessed, and it can not be presumed that either the parties or the court meant that a cause of action stood confessed; on the contrary, the presumption is the very reverse, for as a trial was agreed upon it is necessarily implied that there was an issue to try. The case is entirely unlike one where a rule has been taken and an attempt made to answer. There can be no presumption in such a case that there was a waiver; while here that is the only reasonable presumption, for without an issue there would be nothing to try, and without an answer there would be no issue.

The appellant has no reason to complain of the course of the court in setting aside an adverse ruling and making a favorable one. If the change in the ruling on demurrer required any new evidence on the part of appellant, or if it had in any way interfered with his preparation for trial, he should have made his application to the trial court for a postponement, or in some appropriate method have brought his objections to the change and his desire for postponement to the attention of the trial court at the time, and not having done anything of the kind, he is not in a situation to be heard to aver that there was error.

On the trial of the cause, the appellee gave in evidence, over the objection of appellant, a judgment against the latter rendered by a justice of the peace. We are inclined to think that the appellee is right in asserting that the objection made by the appellant is too general to present any question; but, waiving the decision of that point, we hold that, conceding that the objection was sufficiently specific, and conceding, also, that it was well taken, still no available error was committed in allowing the record of the judgment to be read in evidence. The action was brought by the appellant to recover possession of personal property seized by the appellee as constable, under an execution issued against the appellant, and, as against the latter, all that it was necessary for the constable to do was to show a writ issued by a court of competent jurisdic--

tion and fair on its face. It is one of the best established rules of law that an officer is protected by an execution regular on its face and issued by a court of competent jurisdiction. *Rutherford* v. *Davis*, 95 Ind. 245, *vide* auth. p. 247. The writ, therefore, protected the constable, and it was not necessary for him to produce the judgment on which it issued.

An execution defendant can maintain an action to recover possession of personal property, seized under a writ issued against him, only in cases where he shows that the property is exempt from execution. The statutory provisions upon this subject are very plain and explicit. Other remedies are open to an execution defendant whose property is wrongfully seized, but he can not maintain replevin unless he shows that the property was exempt from execution. *Chinn* v. *Russell*, 2 Blackf. 172.

Judgment affirmed.

