### KAHN ET AL *v.* HAYES, SHERIFF, ET AL.

[No. 2,779. Filed April 6, 1899.]

APPEAL AND ERROR.—*Waiver of Error.*—Causes assigned for a new trial which are not discussed are waived. *p. 183.*

EXECUTION.—*Mortgaged Chattels.*—Under section 734 Burns 1894, mortgaged chattels may be levied upon and sold subject to the mortgage, and the officer has the right of possession of the property for the purpose of making the sale. *p. 184.*

REPLEVIN.—*Execution.*—*Mortgaged Chattels.*—*Evidence.*—In the trial of an action brought by the mortgagee of personal property to replevy the mortgaged property in the possession of the sheriff, held by virtue of an execution, regular on its face, it was not necessary to make proof of judgment on which such execution was issued, nor of the jurisdiction of the court. *p. 184.*

EXECUTION.—*Exemption.*—The right of exemption is a personal privilege, purely statutory, and the judgment debtor is only entitled thereto upon a compliance with the statute. *pp. 184, 185.*

SAME.—*Exemption.*—*Schedule.*—*Affidavit.*—A schedule is fatally defective which does not show by the affidavit that it contains all of the real estate of the judgment debtor, within or without the State. *p. 185.*

EVIDENCE.—*Record of Chattel Mortgage.—Replevin.*—Where the mortgagee of personal property brought an action to replevy the mortgaged property in the hands of the sheriff, held by virtue of an execution on a judgment against mortgagor, it devolved upon him to show that the mortgage was recorded within ten days from the date of its execution, in the county in which the mortgagor resided, and in the absence of such proof judgment was properly rendered for defendant. *pp. 185, 186.*

From the Lake Circuit Court. *Affirmed.*

*L. T. Meyer,* for appellants.

*F. N. Gavit,* for appellees.

COMSTOCK, J.—This action in replevin was instituted by appellants before a justice of the peace of North township, Lake county, against Michael L. Conroy, R. H. Wells, and John Doe, to recover the possession of one stallion and two mares. The cause was dismissed as to Wells, and judgment was rendered in favor of appellants against Conroy and "Benjamin F. Hayes, sheriff of Lake county," (said sheriff having been sued as John Doe appeared to said action.) Hayes appealed from the judgment of the justice of the peace to the superior court of Lake county. A motion of appellants to dismiss the appeal was overruled. The cause was tried by the court, and a judgment rendered in favor of appellees for costs, and for the return of the property described in the complaint.

The errors assigned are: (1) That the court erred in overruling appellants' motion to dismiss the appeal from the justice of the peace court to the superior court; (2) that it erred in its conclusions of law on the findings; (3) that it erred in its conclusions on the facts; (4) in overruling appellants' motion for a new trial. The first alleged error is not discussed by appellants, and will not, therefore, be considered. The finding of the court is a general finding; the second and third specifications in the assignment of error are not therefore proper, and cannot be considered. The fourth, and remaining alleged error assigned, is the overruling of appel-

lants' motion for a new trial. The first reason for a new trial is not discussed, and is therefore waived. The second reason is that the court erred in admitting in evidence the execution of *Sample* v. *Conroy*, said execution being from the Lake Circuit Court, without proof of the judgment, or certified copy thereof, showing that said court had jurisdiction of the parties or the subject-matter.

The following statement of the facts, as disclosed by the evidence, will assist in the consideration of this ground for a new trial. On the 11th day of November, 1897, an execution was issued to satisfy the judgment in Littleton Sample v. Michael L. Conroy, rendered by the Lake Circuit Court. Hayes, appellee, by virtue of said execution, levied on the property in suit as the property of said Conroy, November 19, 1897. Appellants instituted the proceedings in replevin before the justice of the peace. Appellants claimed possession of the property by virtue of a chattel mortgage executed to them by Conroy on the 6th day of November, 1897. Section 734 Burns 1894, section 722 Horner 1897, provides that chattels, mortgaged, may be levied upon and sold subject to the mortgage. An officer has the right of possession of the chattels for the purpose of making the sale. *Olds* v. *Andrews*, 66 Ind. 147; *Spades* v. *Compton*, 70 Ind. 393. An officer is protected by an execution regular on its face, and issued by a court of competent jurisdiction. The writ under which the sheriff held the property was regular on its face, was issued by the circuit court of Lake county, a court of general jurisdiction. It was not necessary to make proof of judgment, or of jurisdiction of the court. *Hartlep* v. *Cole*, 101 Ind. 458, 460, 461, and authorities there cited.

The third reason for a new trial is the alleged exclusion of evidence of appellants, tending to show, by Conroy, that the judgment debtor was a *bona fide* resident of Lake county, State of Indiana, and "that he prepared and gave to the sheriff a schedule of exemption as a householder, entitling him to his exemption thereunder, and the schedule thereof

and all other evidence of which objection was made at the time of the replevin." The record discloses that the schedule was at first excluded, but that appellant was afterward permitted to introduce it in evidence, and it was admitted that he claimed of said sheriff, at the time, exemption thereunder as a resident of the State of Indiana. He was not, therefore, harmed by the exclusion of this evidence when first offered. The record shows that Conroy resided at Roby, and if the court takes judicial notice that Roby is in Indiana, of which fact no evidence was introduced, still no evidence was offered tending to show that he was a householder. The right of exemption is a personal privilege, purely statutory, and the judgment debtor is only entitled thereto upon a compliance with the statute.

The schedule is fatally defective (section 714 Horner 1897) in this,—that the affidavit thereto does not show that it contains all his real estate within or without the State. Again, the evidence does not show that the judgment upon which the execution issued, by virtue of which the horses were held when replevined from the sheriff, was founded upon contract. If founded upon tort, he would have no right of exemption, even if the other facts upon which such right is founded had been proved. It is not necessary, and we do not decide, whether a schedule in proper form of a judgment debtor is admissible in evidence on behalf of the judgment creditor under the facts of this cause.

The fourth reason for a new trial is that the decision of the court is not sustained by sufficient evidence; the fifth, that the decision of the court is contrary to law. These reasons may be considered together. Appellants claiming possession of the property by virtue of a chattel mortgage, had the burden of showing that the mortgage was recorded within ten days from the date of its execution in the recorder's office of the county in which the mortgagor resided. There is no evidence that the mortgage was recorded. Appellants could recover, if at all, upon the strength of their

own title, and not upon the weakness of appellees'. In the absence of proof of this essential fact, the court. correctly rendered judgment against appellants. This conclusion renders it unnecessary to consider the sufficiency of the levy of the execution by the sheriff discussed by appellants. There is no available error in the record. Judgment affirmed.

Wiley, J., absent.