HALL *v.* SMITH.

[No. 14,058. Filed June 5, 1931.]

*George W. Miles*, for appellant.
*William M. Turner*, for appellee.

LOCKYEAR, J.—The appellant in this action filed a complaint against John H. Smith and John H. Smith, as sheriff of Ripley County, in which he alleges that the appellant was employed by one Mary G. Wilson as farm laborer, and that the appellee did unlawfully and in violation of §889 Burns 1926, and by virtue and under color of his office, demand and receive from said Mary G. Wilson, appellant's employer, 50 per cent of his wages, amounting to $217.90, which he unlawfully holds in his possession, for which appellant prays damages.

To this complaint, the appellee filed answer in two paragraphs, the first being a general denial. The second paragraph of answer alleges that, on May 18, 1928, the firm of Turner and Neal recovered judgment against the appellant in the sum of $397.17 and costs; that, on June

8, 1928, execution was issued and placed in the hands of the appellee, directing him as sheriff to make service and return thereof; that he continued to act as sheriff until January 1, 1929, when his term of office expired; that the appellee, as sheriff of said county, served the summons upon said appellant, by making demand for the amount of judgment, which the appellant refused to and failed to pay; that, on or about July 12, 1928, a summons in garnishment was issued by the clerk of said court and placed in the hands of the sheriff, directing him to serve said summons on Mary G. Wilson, employer of said appellant, notifying her that said judgment creditors had garnisheed the wages and salary held by her belonging to said appellant; that, after said summons was served upon said Mary G. Wilson, the appellant entered into an agreement with said judgment creditors, wherein said appellant agreed to pay to said sheriff, to be credited upon said execution, the sum of $25 every two weeks until said execution was fully paid, and that said sheriff did receive and apply upon said execution the sum of $217.90, as directed by said appellant in said agreement, that said sum of money collected by said sheriff was done by virtue of an order and directions of an execution placed in his hands by said clerk of said court; that said sheriff, the appellee herein, at the expiration of his said term of office, turned said sum of money, $217.90, and said execution over to Albert Pelsor, who was his successor in office and duly qualified sheriff of said county; that said sum of money is not in the possession or under the control of said John M. Smith, wherefore, the appellee demands judgment for costs and all proper relief.

The appellant filed a demurrer to this second paragraph of answer, alleging that it did not state facts sufficient to constitute a defense to appellant's complaint, which demurrer the court overruled, and the ruling of the court in that behalf is assigned

as error herein. We hold that the second paragraph of answer is sufficient as against appellant's demurrer.

There was a trial before the court without the intervention of a jury. The court found for the appellee against the appellant. A motion for a new trial was filed on the grounds that the finding of the court is not sustained by sufficient evidence and is contrary to law. The overruling of said motion for a new trial is also assigned as error.

While the complaint alleges that the appellee did unlawfully and in violation of §889 Burns 1926, demand and receive from Mary G. Wilson the wages of the appellant, there is no proof that the sheriff was proceeding under that statute. Indeed, there is more in the record to show that he was proceeding under Acts 1881 (Spec. Sess.) p. 240, §981 *et seq.* Burns 1926, which is the general law covering attachment and garnishment.

Where a court has jurisdiction of the cause of action, and the process is valid on its face, it constitutes a valid protection to the officer in its execution. *Gall* v. *Fryberger* (1881), 75 Ind. 98; *Dill* v. *Vincent* (1881), 78 Ind. 321; *Hartlep* v. *Cole* (1885), 101 Ind. 458; *Kahn* v. *Hayes, Sheriff* (1899), 22 Ind. App. 182, 53 N. E. 430.

It is presumed that an officer of the law does his duty so that, when a sheriff is armed with an execution or with a writ of attachment and a summons in garnishment, proper steps have been taken by the moving parties to secure and place the papers in the hands of the sheriff. If they have been wrongfully obtained or illegally issued, the burden of establishing the illegality of the proceeding is upon the party alleging the wrongful act complained of. It is not shown anywhere in the evidence in what respect the acts of the sheriff were illegal. The affidavit upon which the attachment was based is not set out; it is to be presumed.

the affidavit was proper, and showed one or more of the statutory grounds for attachment.

We know of no law that will prevent the attachment of wages under some circumstances, for aught we know that attachment may have been proper. Without some allegations in the complaint and some evidence showing it to be illegal, the presumption in favor of the sheriff's action must prevail.

Judgment affirmed.