Slifer *et al. v.* The State, *ex rel.* Syfers *et al.*

No. 12,937.

Slifer et al. *v.* The State, ex rel. Syfers et al.

EXECUTION.—*Sale of Mortgaged Chattels Under.—Constable.—Breach of Duty. —Liability on Bond.*—Where a constable levies upon and sells mortgaged chattels under execution, and delivers possession to the purchaser without requiring him to comply with the conditions of the mortgage, as required by section 722, R. S. 1881, the officer is guilty of a breach of duty, making him liable on his bond, and the title held by others is not divested, but the party in interest may reclaim possession or demand an accounting from the purchaser.

SAME.—*Action Upon Officer's Bond.—Measure of Damages.*—Where, in such case, the mortgagee brings an action upon the bond of the officer, the amount of the mortgage debt is not the measure of his damages unless the property is worth that much; but if the value of the property is less than the debt, its value is the measure of damages. Where neither the value of the property nor its conversion by the purchaser or officer is shown, no case is made for more than nominal damages.

From the Hancock Circuit Court.

*W. R. Hough, C. G. Offutt* and *R. A. Black,* for appellants.

*J. A. New* and *J. W. Jones,* for appellees.

NIBLACK, J.—On the 19th day of December, 1884, Sidney L. Walker and Ward Walker, composing the firm of Walker Brothers, were engaged in the grocery business in the city of Greenfield, in this State, and, being indebted to Rufus K. Syfers and Frank A. McBride, partners constituting the firm of Syfers, McBride & Co., in the sum of $787.35, on that day executed to the said Syfers, McBride & Co. their promissory note for that sum, together with a chattel mortgage on their stock of groceries to secure its payment.

On the 23d day of December, 1884, Walker Brothers also executed to A. B. Gates & Co. their promissory note for the sum of $107.01 in recognition of an indebtedness in that amount, and gave an additional mortgage on their stock of

groceries to secure the payment of that note also.     This last
named note and the accompanying mortgage were, in Jan-
uary, 1885, assigned and transferred to Syfers, McBride &
Co.   On the 6th day of January, 1885, John H. Binford re-
covered a judgment against Walker Brothers before one
Barnett, a justice of the peace of Hancock county, for the
sum of $185.58.   On the same day Nelson Bradley recov-
ered a judgment against Walker Brothers before the same
justice of the peace for the sum of $184.88.

On the 7th day of January, 1885, executions were issued
on these judgments and delivered to Lafayette Slifer, who
was a constable of the proper township.   Slifer levied both
of these executions on the stock of groceries mortgaged as
above to Syfers, McBride & Co., and A. B. Gates & Co., and,
on the 28th day of February, 1885, sold said stock of grocer-
ies at public sale, subject to said mortgages, to the execution
plaintiffs, Binford and Bradley, for the sum of $10.   This sum
was immediately paid to Slifer, the constable, who thereupon
delivered to Binford and Bradley the possession of the stock
of groceries in question, without requiring the conditions of
the mortgages to be first complied with.

Syfers and McBride, composing the firm of Syfers, Mc-
Bride & Co., as stated, then commenced this action in the
name of the State on their relation, against Slifer as princi-
pal, and Jacob Slifer and Andrew F. Hart as his sureties, on
his bond as constable, alleging, as a breach of that instru-
ment, the delivery of the stock of groceries to Binford and
Bradley without first compelling them to pay and discharge
the mortgages held by the relators, as hereinabove set forth.

The circuit court, trying the cause without a jury, made a
special finding of the facts, which was in accordance with the
synoptical statement here given, with the addition that there
was then due to the relators the aggregate sum of $944.02 as
holders of the notes and accompanying mortgages on the
stock of groceries so sold by Slifer, the constable, and de-
livered by him to Binford and Bradley.

Upon the facts so found the circuit court came to the conclusion that the relators were entitled to recover from the constable and his sureties the amount so found to be due on the notes and mortgages executed by Walker Brothers, and accordingly assessed their damages at said sum of $944.02. Over exceptions reserved, judgment was given in favor of the relators for that sum.

At common law the equity of redemption in mortgaged property could neither be levied on nor sold upon an execution against the mortgagor.  This resulted from the holding, under that system of jurisprudence, that there only remained to the mortgagor an equitable interest in the mortgaged property.　Jones Chattel Mortgages, section 555, *et seq.*

But in our State, and in most of the other States, a different rule has been prescribed by statute.　Section 722, R. S. 1881, provides that " Goods and chattels pledged, assigned, or mortgaged as security for any debt or contract may be levied upon, and sold on execution against the person making the pledge, assignment, or mortgage, subject thereto, and the purchaser shall be entitled to the possession, upon complying with the conditions of the pledge, assignment, or mortgage."  See, also, the cases of *Landers* v. *George,* 49 Ind. 309; *Olds* v. *Andrews,* 66 Ind. 147 ; *Sparks* v. *Compton,* 70 Ind. 393; *Hackleman* v. *Goodman,* 75 Ind. 202; *Louthain* v. *Miller,* 85 Ind. 161; *Foster* v. *Bringham,* 99 Ind. 505; *State, ex rel.,* v. *Milligan,* 106 Ind. 109.

Some of these cases very properly hold that, under the section of the statute referred to, the officer making a levy upon mortgaged chattels is entitled to possession of the property, as against both the mortgagor and mortgagee, for the purpose of making sale of it on the execution.　But in the case of *State, ex rel.,* v. *Milligan, supra,* it was asserted that the officer is not authorized to deliver such property to the purchaser until he complies with the condition of the mortgage, that is to say, until he pays the debt, or performs the contract, to secure which the property was mortgaged.

It may be added that the title of the purchaser is not complete until he complies with the condition of the mortgage, whatever that may lawfully be, and that hence when he obtains an adverse possession of the property bid off by him without complying with the condition of the mortgage, his possession is wrongful as against the mortgagee, or other person entitled to hold the property under the mortgage or the execution, as the case may be. When the possession of property is thus wrongfully obtained, the proper party in interest may reclaim the possession or demand an accounting from the purchaser.

Applying these general principles to the case before us, Slifer, the constable, was guilty of a wrongful act in delivering the property sold by him to Binford and Bradley before they complied with the terms of the mortgage. But such delivery did not confer on Binford and Bradley an absolute title to the property. By their purchase they only acquired a conditional title, and as they did not perform the condition imposed by law the absolute title previously held by others was not divested. As a recurrence to the facts as found will disclose, no actual conversion or appropriation of the property either by the constable or by Binford and Bradley was shown. For aught that was made to appear the property may still be in the possession of Binford and Bradley, liable and ready to be sold under or applied upon the mortgages. There was, consequently, nothing found from which special damages could have been inferred, or supporting any claim for special damages. Neither was there any finding as to the value of the property involved. In the event of its conversion the value of the property was a material element in the assessment of the damages. If the property had no value, then no one was injured by the wrongful act of the constable.

There was, therefore, a failure in the special finding to make a case against the constable for anything more than merely nominal damages.

The special finding was, also, informal and **defective. It**

is largely composed of a mere recital of evidentiary facts, and not of direct findings as to what such facts tended to establish. We are, for that reason, of the opinion that justice will most likely be promoted by ordering a new trial of the cause. *Shannon* v. *Hay*, 106 Ind. 589; *Cottrell* v. *Nixon*, 109 Ind. 378; *Richter* v. *Richter*, 111 Ind. 456.

The judgment is reversed, at the costs of the relators, and the cause is remanded for a new trial.

Filed Nov. 29, 1887.

## On Petition for a Rehearing.

Niblack, J.—Counsel, in their brief in support of a petition for a rehearing, ask us to state more specifically our reasons for holding that the amount of the debt due from Walker Brothers to Syfers, McBride & Co. was not the proper measure of damages for the wrongful act of Slifer in delivering the possession of the mortgaged property to Binford and Bradley without first requiring them to comply with the conditions of the mortgage.

It is reasonable to assume that, as a rule, a purchaser of the equity of redemption of mortgaged property can only be found where the property is of greater value than the mortgage debt. Where the property is equal in value to, or greater in value than, the debt, and is wrongfully converted, either by the officer selling the equity of redemption, or the purchaser who through him gets possession of it, the mortgagee sustains damages to the full amount of his debt. But where the property proves to be of less value than the debt, the measure of the mortgagee's damages is the value of the property. This results from the general principle that a public officer, in the absence of a different statutory provision, is only liable, when guilty of a breach of official duty, to the party injured for such damages as he has actually sustained. This principle is fully recognized as applicable to an action like this by the case of *Worthington* v. *Hanna*, 23 Mich. 530,

cited by counsel. In the nature of things, the extent to which a mortgagee is interested in the mortgaged property can not exceed the value of the property, and hence such value is always material when the mortgagee seeks to recover damages for an injury to his interest in the mortgaged property.

When Slifer delivered possession to Binford and Bradley, without requiring from them a compliance with the conditions of the mortgage, he committed a breach of official duty simply, for which he became liable on his official bond. This liability extended only to such injury as resulted to Syfers, McBride & Co. from such premature and unauthorized delivery of possession.

The circuit court having failed to find the value of the property, and nothing being found to indicate that the property had been materially injured, or that its value as a security for the mortgage debt had been diminished by its delivery to Binford and Bradley, a case was not made for more than nominal damages.

The petition for a rehearing is overruled.

Filed April 11, 1888.