Filed June 26, 1888.

No. 13,070.

## SYFERS ET AL. *v.* BRADLEY ET AL.

CHATTEL MORTGAGE.—*Sale.*—*Purchase by Mortgagee.*—*Execution.*—*Instructions not to Levy.*—*Suspension of Lien.*—*Damages.*—Where the mortgagee of chattels has become the purchaser thereof at a public sale duly made under a power contained in the mortgage, the levy afterwards of an execution in favor of judgment creditors of the mortgagor, the lien of which had been theretofore suspended by a direction to the officer not to levy, is without effect, and the mortgagee may recover from such creditors and officer damages sustained by him by the taking and withholding possession of the property.

SAME.—*Acknowledgment.*—*Recording.*—An averment that a chattel mortgage was recorded in the proper recorder's office carries with it the implication that it had been properly acknowledged and otherwise prepared for record.

From the Hancock Circuit Court.

*J. A. New* and *J. W. Jones,* for appellants.

*W. R. Hough, C. G. Offutt* and *R. A. Black,* for appellees.

NIBLACK, J.—The complaint of Rufus K. Syfers and Frank McBride, partners, doing business under the firm name of Syfers, McBride & Co., stated that, on the 19th day of December, 1884, Sidney L. Walker and Ward Walker were engaged in the grocery business, as partners, in the city of Greenfield, in this State, in the name and style of Walker

Brothers; that said Walker Brothers had become and were indebted to the plaintiffs in the sum of $787; that Walker Brothers thereupon, on the day named, executed to the plaintiffs their promissory note for that sum of money, payable one day after date, with eight per cent. interest and attorney's fees; that to secure the payment of this note, Walker Brothers, at the same time, also executed to the plaintiffs a chattel mortgage on their stock of groceries, including fixtures and other personal property used in the same building; that, by the terms of such chattel mortgage, it was expressly provided that Walker Brothers should remain in possession of the mortgaged property on condition that they would faithfully apply the proceeds of all sales made by them to the payment of the mortgage debt, and that, upon their failure to so apply such proceeds, the plaintiffs might take immediate possession of the property; also, on the further condition that, if the plaintiffs should, at any time, feel themselves to be otherwise insecure, they might require possession to be surrendered to them; that the plaintiffs in due time caused said mortgage to be recorded in the recorder's office of Hancock county, the county in which Walker Brothers resided, and in which the mortgaged property was situate; that Walker Brothers having failed to apply the proceeds of sales made by them to the payment of the mortgage debt, the plaintiffs demanded and, on the 24th day of December, 1884, received and took possession of the mortgaged property; that, by the further terms of said mortgage, the plaintiffs were, in the event of their taking possession, authorized to sell the mortgaged property to pay the mortgage debt, either at public or private sale, as to them might seem best; that, having determined to sell said property at public sale, on the 7th day of January, 1885, the plaintiffs, more than ten days before that day, caused written notices of the proposed sale to be posted up in three public places in the township in which such property was situate, fixing 10 o'clock A. M. as the time at which the sale was to commence; that the

plaintiffs accordingly exposed the mortgaged property to public sale on said 7th day of January, 1885, and bid therefor the sum of $700; that, no one bidding more, said property was openly struck off and sold to the plaintiffs for that sum, which was immediately credited on the note which the mortgage was given to secure; that the day before the property was sold as stated, Nelson Bradley and John H. Binford severally procured Walker Brothers to go before a justice of the peace of Hancock county, and to confess judgments in their favor respectively, the one in favor of Bradley being for about $180, and the other in favor of Binford being for about $215; that, immediately after the rendition of said judgments, Bradley and Binford caused executions to be issued thereon respectively, and to be placed in the hands of Lafayette Slifer, a constable of said county of Hancock, instructing him at the same time not to levy such executions on the mortgaged property until the next day, which was the day on which it was advertised for sale as stated; that, on said 7th day of January, 1885, about twenty minutes before the time fixed for the sale of the mortgaged property, Bradley and Binford ordered Slifer to enter the building in which such property was situate, and to levy upon all the mortgaged property; that Slifer did enter the building, as he was so ordered, and sought to stop the public sale of said property, making frequent efforts to interrupt such sale, but did not levy the executions in his hands by taking possession of the property, and did not so take possession until after the property was struck off and sold to the plaintiffs; that Bradley and Binford were both present when the property was bid off by, and sold to, the plaintiffs, and refused to bid more than the amount for which the property was sold, but that they, and the said Slifer, did all they could to prevent others from bidding at such sale; that after the plaintiffs had purchased the mortgaged property, they requested all persons present to leave the building that it might be temporarily closed; that all left the building as requested, except Brad-

ley, Binford and Slifer, who refused to go out; that, there-
after, Slifer, acting under the order of Bradley and Binford,
proceeded to eject the plaintiffs from the building and to
take possession of it in virtue of the executions in his hands
against the property of Walker Brothers; that the plaintiffs
yielded the possession of the building under protest, claim-
ing to be the sole owners of the mortgaged property con-
tained within it, and that hence such property was not
subject to the executions in Slifer's hands; that the property
was still detained from the plaintiffs and was of the value
of $1,200; that the plaintiffs had, by reason of the premises,
sustained damages in the sum of $1,500. Wherefore they
demanded judgment against Bradley, Binford and Slifer.

A demurrer was sustained to the complaint, and the de-
fendants had final judgment upon demurrer. The record,
therefore, presents only the question of the sufficiency of the
complaint.

Section 722, R. S. 1881, provides that "Goods and chat-
tels pledged, assigned, or mortgaged as security for any debt
or contract, may be levied upon, and sold on execution against
the person making the pledge, assignment, or mortgage, sub-
ject thereto, and the purchaser shall be entitled to the pos-
session, upon complying with the conditions of the pledge,
assignment, or mortgage."

In the construction of this section this court has frequently
held that the officer making a levy on the mortgagor's in-
terest or equity of redemption in mortgaged personal prop-
erty, is entitled to possession of the property for the purpose
of making sale of such interest or equity of redemption, as
against the mortgagee, as well as the mortgagor. _Sparks_ v.
_Compton,_ 70 Ind. 393; _Hackleman_ v. _Goodman,_ 75 Ind. 202;
_Louthain_ v. _Miller,_ 85 Ind. 161; _Slifer_ v. _State, ex rel.,_ 114
Ind. 291.

Adhering, as we do, to that construction of the section, it
is nevertheless true that the officer making the levy must ex-
ercise due care for the protection of the mortgagee's interest

in the property, and is not permitted to do anything which has the effect of diminishing the value of the property as a security for the mortgage debt. In that view, the property can not be sold in parcels, but when consisting of separate articles it must be sold together, subject to the mortgage. Neither can such officer rightfully do anything to interfere with the sale of the mortgaged property where the mortgagee is empowered to sell it. *Worthington* v. *Hanna,* 23 Mich. 530; *Cary* v. *Hewitt,* 26 Mich. 228; *Haynes* v. *Leppig,* 40 Mich. 602; *King* v. *Hubbell,* 42 Mich. 597.

The delivery of an execution to an officer, with directions not to levy it, is practically equivalent to no delivery, and hence creates no lien on the personal property of the execution defendant. A direction, therefore, not to levy for a specified time suspends the lien during that time. Freeman Executions, section 206; *Moore* v. *Fitz,* 15 Ind. 43; *Alabama G. L. Ins. Co.* v. *McCreary,* 65 Ala. 127; *Hickman* v. *Caldwell,* 4 Rawle, 376 (27 Am. Dec. 274); *Speelman* v. *Chaffee,* 5 Col. 247.

A mortgagee of personal property may, in this State, become the purchaser of such property at a public sale, and, when the property is struck off and sold to him, he is entitled to be considered and treated as its owner so long as the sale is permitted to stand. *Emmons* v. *Hawn,* 75 Ind. 356; *Lee* v. *Fox,* 113 Ind. 98.

From the averments of the complaint in this case we infer that the executions in the hands of Slifer created no lien on the mortgaged property prior to its sale by the mortgagees, and that no levy was in fact made until after the sale and until the mortgagees had become the absolute owners of the property, which was too late to be effective. It follows that the possession of the property taken by Bradley, Binford and Slifer after the sale was in derogation of the rights of Syfers and McBride, and consequently wrongful. The demurrer to the complaint ought, therefore, to have been overruled.

The 'judgment is reversed, with costs, and the cause remanded for further proceedings.

Filed April 24, 1888.

## ON PETITION FOR A REHEARING.

NIBLACK, C. J.—As has been seen, the complaint alleged that Walker Brothers executed to the plaintiffs a chattel mortgage on their stock of groceries and other personal property to secure the debt therein described; that it also alleged that the plaintiffs in due time caused the mortgage to be recorded in the recorder's office of Hancock county, the county in which Walker Brothers resided, and in which the mortgaged property was situate.

The point was made at the hearing that the complaint was fatally defective in its failure to aver that the mortgage was properly acknowledged before it was recorded; but, regarding the point as wholly immaterial to the merits of the appeal, we did not make any distinct ruling upon it.   In their petition for a rehearing the appellees have renewed the point with much earnestness and apparent confidence, and insist that we shall now consider it.

The presumptions are all in favor of a public officer having done his duty in every matter concerning which he has taken official action.

The allegation that the mortgage was recorded in the proper recorder's office, consequently carried with it the implication that the mortgage had been duly prepared for record before it was recorded.   In legal contemplation, the entry of an unacknowledged deed or mortgage on the recorder's books does not constitute a recording of the instrument. *Taylor* v. *City of Fort Wayne,* 47 Ind. 274; *Westerman* v. *Foster,* 57 Ind. 408; *Carver* v. *Carver,* 97 Ind. 497.

The acknowledgment of a deed or mortgage has reference only to the proof of its execution and to its preparation for record, and forms no part of the instrument itself.   *Gray* v. *Ulrich,* 8 Kans. 112.

If the mortgage in question was not acknowledged before it was recorded, the objection can be made, and will regularly arise upon the evidence at the trial. If an acknowledgment can not be shown the record will be of no avail.

Other questions are re-argued, but they have already received sufficient consideration.

The petition for a rehearing is overruled.

Filed June 27, 1888.