No. 13,218.

## McDaniel et al. v. The State, ex rel. McHugh.

MORTGAGED CHATTELS.—*Sale on Execution.*—*Duty of Constable.*—*Notice of Lien.*—It is the duty of a constable, under section 722, R. S. 1881, to ascertain from the records whether property levied upon by him by virtue of an execution is mortgaged; the mortgagee is not required to give him further notice of the lien.

SAME.—*Duty of Officer to Retain Possession.*—*Liability on Bond.*—A constable must retain possession of mortgaged property sold by him until the purchaser has complied with the conditions of the mortgage, and for a breach of this duty he is liable on his bond.

SAME.—*Validity of Lien.*—*Disputes between Purchaser and Lien-Holder.*—The duty of the constable is discharged by retaining possession ; he can not compel a compliance with the conditions of the mortgage, and has nothing to do with the validity of the lien or disputes that may arise between the purchaser and lien-holder.

SAME.—*Failure of Mortgagee to Set up Title at Sale.*—A mortgagee of chattels which have been levied upon by a constable in satisfaction of an execution, does not waive any right of action against the officer for a breach of duty by failing to appear at the sale and set up title.

SAME.—*Responsibility of Purchaser.*—It is no defence to an action upon a constable's bond for delivering property without requiring the purchaser to comply with the terms of the mortgage, that such purchaser is a responsible person, residing within the county.

SAME.—*Answer.*—*Nominal Damages.*—An answer that the mortgaged property remains in the custody of the purchaser, within the county, and still subject to the lien, and that the mortgage may be enforced as well as before the sale, is not good as a complete defence, as the defendants are at least liable for nominal damages.

SAME.—*When Mortgagee Bound to Pursue Property.*—*Measure of Damages.*— If mortgaged property, after it has been sold on execution and delivered to the purchaser, is still in such a situation and condition that the mortgagee may pursue it and subject it to his mortgage, he is bound to do so ; and the officer, for his breach of duty in delivering the property without requiring a compliance with the mortgage, will be liable only for such damages as the mortgagee has actually sustained.

From the Montgomery Circuit Court.

*L. J. Coppage,* for appellants.

*D. E. Williamson, A. Daggy, B. F. Ristine, T. H. Ristine* and *H. H. Ristine,* for appellee.

OLDS, J.—This is an action by the State, on relation of Ella McHugh, appellee, against the appellants upon a constable's bond. The complaint alleges, in substance, that, in 1882, appellant Albert G. McDaniel was duly elected as constable in and for the township of Clark, in Montgomery county, and was duly commissioned and qualified, and, on the 10th day of April, 1882, executed his bond, as such constable, to the State of Indiana, with appellants Ashley and Kyle as sureties, in the penal sum of $1,500, a copy of which bond is filed with the complaint and made a part thereof, marked exhibit "A"; that the bond is conditioned, amongst other things, that the said McDaniel will duly, honestly and faithfully discharge and perform all and singular his duties as such constable during his continuance in office, in all things agreeable to law; that, on the 3d day of October, 1883, one Michael W. Lane executed to the relatrix his note for the sum of $1,500, due and payable one year after the date thereof, with six per cent. interest and attorney's fees, and at the same time said Lane executed to the relatrix his chattel mortgage to secure the payment of said note, which chattel mortgage was duly acknowledged and recorded, within ten days after its execution, in the recorder's office of Montgomery county, where said mortgagor then resided; that the following property was set out and described in said mortgage, to wit: Sixty-five acres of corn standing and growing in the field on the farm of said Lane, in said Montgomery county; seven hundred bushels of corn in the crib on the said farm of Lane; two black mares, one seven and the other eight years old; one light-brown colt, three years old; that said property was to remain in the possession of the mortgagor until said note became due, or if the property should be levied upon by virtue of an execution from any court, the mortgagee should have the right to take immediate and unconditional possession of the same for her own use; that afterwards, to wit, on the 8th day of October, 1883, one Scott commenced suit against said Michael W.

McDaniel *et al. v.* The State, *ex rel.* McHugh.

Lane before a justice of the peace of said Clark township, on a note and account against said Lane, and filed his affidavit and bond for an attachment; that one Rapp also filed his complaint, affidavit and bond for attachment with said justice, and thereupon said justice duly issued a writ of attachment and delivered the same to said McDaniel, as such constable, and said McDaniel, as such constable, levied the writ of attachment on the said property described in said chattel mortgage; that, on the 15th day of October, 1883, said causes came on for trial before said justice of the peace, and then and there said justice rendered a judgment in favor of Scott against Lane for $145.65 and costs, also in favor of Rapp against Lane for $192.50 and costs taxed at $17, and accruing costs, and ordered said attached property to be sold by said constable, the same being said mortgaged property; that afterwards said justice issued an order for the sale of said attached property, commanding the same to be sold as upon execution and delivered the same to said McDaniel, as such constable; that, on the 10th day of November, 1883, said McDaniel, as said constable, sold said mortgaged property to divers persons, and then and there delivered the same to said several purchasers at said sale without requiring them to perform and comply with the terms of said chattel mortgage, but then and there unlawfully, negligently and carelessly, and without any regard to the conditions of his bond, and in breach thereof, and disregarding his duty as such constable, then and there diverted the same from the security and payment of said note so executed by said Lane to relatrix, to her damage in the sum of $1,500; that an action has accrued to the plaintiff against said defendant for the breach of said bond in this: That said constable failed, neglected and refused to require said purhasers of said mortgaged property at said constable's sale to comply with the conditions of said mortgage, and without authority of law delivered said attached property described in said mortgage to the several

purchasers at said sale, and then and thereby diverted the same from the payment of said mortgage debt.    Prayer for judgment.

There was a demurrer filed by the defendants to the complaint, for want of facts, which was overruled by the court, and to which ruling of the court defendants excepted. This is the first error assigned and argued.

Counsel for appellants contend that section 722, R. S. 1881, was not intended to and does not impose any additional duties on the constable making sale of mortgaged or pledged property ; that there was a question as to whether the condition in a mortgage permitting the mortgagee to take immediate and unconditional possession in case the property should be levied upon, vested the property in the mortgagee absolutely, upon the happening of that contingency, or whether the title still remained in the mortgagor ; and that the statute was passed to settle such mooted question and to prevent the debtor, in this manner, from giving his mortgagee an absolute title, and to enable the officer to sell the property on execution, and upon such sale to give to the purchaser just such title as the debtor had, viz., the title to the property, divested of the lien of the mortgage, upon complying with the terms and conditions of the same ; that it was never intended by said statute to impose upon the constable or sheriff the duty of enforcing a compliance with the conditions of the mortgage ; that such officer has nothing to do with liens on property in his possession by virtue of a levy, except such liens as are brought to his knowledge by some means recognized by the law; that section 736, R. S. 1881, provides that " It shall not be the duty of the sheriff or appraisers to ascertain the amount of liens and incumbrances." It is further urged that the requiring and enforcing of a compliance with the conditions of a pledge, or a mortgage, necessarily involves the exercise of judicial functions in ascertaining the existence of the lien, its validity, priority, conditions and amount, and many other things of like character, and that

this court has held that judicial powers can not be vested by the Legislature in an administrative or executive officer. It certainly required a great deal of ingenuity on the part of counsel to conceive all of the objections urged to this section of the statute, but we do not regard any of them as tenable.

It is true, as stated by counsel, that the duties of constables are prescribed by statute, and said section 722 imposes upon a constable the duty of ascertaining from the record whether property levied upon by him, by virtue of an execution, has a mortgage upon it, and if it has, it makes it his duty, on selling such property, to retain possession of the same after the sale, and not deliver the same to the purchaser, until the conditions of the mortgage are complied with. It is not required of him to compel the purchaser to comply with the conditions of the mortgage, nor to ascertain and determine any disputes between the lien-holder and the purchaser, nor to inquire into the validity of the lien. If any disputes arise between the lien-holder and the purchaser, such disputes are to be settled between them by proper proceedings in court, the constable retaining possession of the property until such disputes are determined. If the purchaser disputes the amount of the lien, as it appears upon its face, or the validity of it, and refuses to pay and claims the property, he has his remedy by proper proceedings in court.

Kindred questions to those suggested by counsel frequently arise in the discharge of the duties of a constable. As well might it be said that the Legislature could not impose upon a constable the duty of making a levy upon the property of an execution debtor sufficient to satisfy the execution, for in doing so he would have to determine the ownership of the property and its value.

In answer to the suggestion in regard to section 736, R. S. 1881, we may say that sections 722 and 736 must be construed together, and if in conflict, section 722 would constitute an exception to the rule that it shall not be the duty of an of-

ficer to ascertain the amount of the liens or encumbrances on property levied upon by virtue of an execution.

Section 737 provides that " The sheriff shall furnish the appraisers a schedule of the property levied on, with the encumbrances made known to him." Made known to him how? The answer is a plain one. By the list furnished as provided that it may be in section 736, viz., " by either party," and by the record of the chattel mortgages, which he is bound to take notice of, under the provisions of section 722.

By section 737 it is provided that the appraisers shall " fix and set down opposite to each tract, lot, or parcel of real estate, and of the several articles of personal property, the cash value, deducting liens and encumbrances." The same constitutional objection urged by counsel would apply to this section, prescribing the duties of appraisers, as by this section it is made the duty of the appraisers to deduct the liens and encumbrances. With the same force it may be suggested that they act judicially, and have to determine the validity of and place a construction upon the writing, and determine its conditions and the amount due.

We do not think the section invalid for any of the reasons urged. It is not the first time this section of the statute has been considered by this court. It has been repeatedly considered, and the officer held liable upon his bond for turning over the property to the purchaser without the purchaser having first complied with the conditions of the mortgage. See the case of *Slifer* v. *State, ex rel.,* 114 Ind. 291, and authorities there cited.

It is further urged that it does not appear from the complaint but that there was sufficient property included in the mortgage, in addition to the amount sold, to satisfy the mortgage debt. After describing the mortgaged property, the allegations of the complaint are that the constable levied upon the mortgaged property, and afterwards sold.it. It affirmatively appears that he levied upon and sold all the mortgaged property.

The next errors assigned are the sustaining of the demurrers to the second, third and fifth paragraphs of answer.

The second paragraph alleges that the appellee relatrix was notified of the levy, and knew the constable had possession of the property and had levied upon it as the property of Lane, and her attorney and agent was present at the trial of the attachment proceedings, and when the property was ordered sold; that notice was given of the sale; that she was not present at the sale, but had notice of it and might have attended the sale, and that she took no steps to assert her title to the property. The demurrer was properly sustained.

The constable had the right to take the property, by virtue of his writ, as the property of Lane; the justice had the right to order it sold. The relatrix was not a party to the suit; she was not called upon to set up title. She is not complaining now of any of these things; what she complains of is, that the constable, after the sale, turned the property over to the several purchasers without their having complied with the conditions of her mortgage.

The third and fifth paragraphs allege the levy and sale, that the constable had no notice of the lien, that relatrix never furnished him any schedule of it; that she was not present at the sale although she resided but twenty miles distant; that after the constable sold the property he did nothing further with it, that he did not turn it over to the purchasers, but left it in the possession of the same person who had possession at the time of the levy; that if the purchasers took the property they did so on their own account, without his interference; that it was sold to responsible persons residing within Montgomery county, and who are still residents of said county, and that if any of the property has been used or destroyed the purchasers are responsible.

There was no error in sustaining demurrers to these paragraphs. It is no defence to the action that the constable did not know of the lien. The complaint alleges that the mortgage was duly recorded within ten days from the date of its

execution. That was all the notice the mortgagee was required to give. The record was notice to every person dealing with the property; and the constable was chargeable with notice. Neither was it any defence that the persons to whom the property was sold and delivered were responsible, and residents of Montgomery county.

The fifth paragraph is pleaded as an answer as to all but nominal damages, but it does not go far enough to show affirmatively that all the property still remains in the possession of the person having possession of it at the time of the levy, nor that it still remains substantially as it was at the time of the levy, except having been transferred to the custody of the purchasers, and that it can be reached by the mortgagee.

From all that appears in this paragraph the purchasers may have taken and converted the property.

The third paragraph substantially alleges that the property still remains in the custody of the purchasers, within the county, and is subject to the lien of the mortgage the same as before the sale, so that the mortgagee can as well enforce her lien now as before the sale, and has sustained no substantial injury. But the third paragraph is pleaded as a complete defence to the cause of action, and upon that theory it is not good, for the reason that on such a state of facts defendants would be liable for at least nominal damages.

The only allegations in these answers that would make them good as a complete answer to the complaint are the allegations which amount to a denial of the delivery of the property to the purchasers. But they are not pleaded upon that theory, and, if good at all, they must be good on the theory upon which they are pleaded. There was a general denial pleaded, and hence there was no error in sustaining demurrers to these paragraphs.

We will next consider the questions presented on the instructions given.

Exceptions were reserved to the several instructions of the

court. We do not deem it necessary to consider each of the instructions separately, but the charge, taken as a whole, is manifestly erroneous.

The third instruction is as follows: " It is true that the property still remained subject to the mortgage lien at the time of and after such sale, if in existence, as a sale does not divest the lien; still the plaintiff is entitled to recover the full value of the property sold, when the constable has sold mortgaged property without requiring the conditions of the mortgage to be complied with, and the purchaser has taken possession of the same; and in this regard it makes no difference that the property is not damaged, and is still in a situation and condition that the mortgagee might pursue the same; there is no obligation resting on the mortgagee to so pursue the said property into the hands of a purchaser in possession, but he may recover the full value thereof in a suit on the bond of said officer who sold such property."

This instruction did not properly state the law. If the property, after the sale, and at the time of the commencement of this suit, was not damaged, and was still in a situation and condition that the mortgagee might pursue the same as well after as before the sale, he would be bound to do so, and the officer would only be liable for such damages as the mortgagee actually sustained by reason of the neglect of duty on the part of the officer.

The liability on the part of an officer who levies upon and sells mortgaged goods, and turns the same over to the purchaser, or allows the same to be taken by the purchaser, with his consent, is the actual damage the mortgagee sustains. If the goods are converted by the officer or the purchaser, or such use is made of them as that the mortgagee is deprived of the benefit of the property or his lien, the liability is an amount not to exceed the value of the property or the mortgage debt, if the property is of greater value than the debt. This is the rule as laid down in *Slifer* v. *State, ex rel., supra,* and we think it the proper one in such cases.

It is manifest from the record and the charge of the court that the case was tried on the theory of the law enunciated in the third instruction, which was erroneous. For the error of the court in giving this instruction the judgment must be reversed.

The other errors discussed may not arise on'another trial, and we do not consider them.

Judgment reversed, at costs of appellee, and for further proceedings not inconsistent with this opinion.

