Filed Feb. 3, 1892.

---

No. 433.

COLLINS ET AL. *v.* THE STATE, EX REL. HUTCHINSON ET AL.

EXECUTION.—*Mortgaged Chattels.—Sale of on Junior Judgment.—Rights of Mortgagees Ignored.—Constable.—Notice of Mortgage.* — Where personal property mortgaged, pledged, or assigned is levied on, the levy is only upon the interest which the mortgagor has in such property after the payment of his mortgage, etc., or, in other words, upon the equity of redemption, but for the purpose of the levy and sale of such interest the officer may take the property in possession as against both the mortgagor and the mortgagee. It is the duty of the officer, however, to exercise due care for the protection of the interest of the mortgagee in the property, and he is prohibited not only from diverting such property from the security of the mortgage, but from doing anything which would have the effect of diminishing its value as such security. If the mortgage has been duly recorded, the officer is bound to take cognizance of the same without any other notice.

Collins *et al. v.* The State, *ex rel.* Hutchinson *et al.*

SAME.—*Action upon Officer's Bond.*—*Measure of Damages.*—An officer who levies upon property thus mortgaged, and sells it upon execution, the lien of which is junior to that of the mortgage, must hold it until the terms of the mortgage have been complied with by the purchaser, and if he fails to do this he is liable on his official bond for any damage sustained by the mortgagee.

SAME.—*Indemnifying Mortgage.*—*Complaint.*—*Sufficiency of.*—A chattel mortgage was given to indemnify the mortgagees against any loss on account of their being sureties on certain notes. The mortgage further provided that the mortgagor was bound to pay the notes upon which the mortgagees were sureties at a time certain, fixed in the mortgage, and if the mortgaged property should be levied on, this, as well as default in payment, should entitle the mortgagees to take immediate possession without process of law, and the same should become the absolute property of the mortgagees. The mortgaged property was levied upon by a constable, and sold to satisfy a judgment against the mortgagor, junior to the mortgage, and the property was delivered to the holders of the junior judgment without the constable requiring the purchasers to comply with the terms of said mortgage. The mortgage had been duly recorded. A suit was brought upon the constable's bond by the mortgagees, the complaint averring, in addition to the above facts, that the notes on which the mortgagees were sureties were due and unpaid, and that the mortgagor, the principal on said notes, was wholly insolvent and unable to pay the same.

*Held,* that the complaint stated a good cause of action on the constable's bond.

*Held,* also, that the fact that the mortgagees had not paid out anything, on account of their suretyship, did not constitute a defence to the action.

*Held,* also, that while the constable had nothing to do with passing upon the question involved in the mortgage, it was his duty to hold the possession of the goods until these questions were settled, and if he sooner surrendered the possession he did so at his peril.

*Held,* also, that the constable must be held to know that a liability had accrued to the mortgagees by the terms of the mortgage, and that the purchaser had acquired nothing at the sale except the mortgagor's equity of redemption.

MEASURE OF DAMAGES.— *What Constitutes.*—Where the value of the property is found to be less than the amount of the debt, the measure of damages is such value of the property, while if the value of the property is more than the debt, the amount of the indebtedness furnishes the measure for the amount of the damages.

From the Rush Circuit Court.

Collins *et al. v.* The State, *ex rel.* Hutchinson *et al.*

*U. J. Hammond, E. S. Rogers, W. A. Cullen* and *J. D. Megee,* for appellants.

*B. L. Smith, C. Cambern, D. S. Morgan* and *D. Morris,* for appellee.

REINHARD, J.—This action was brought by the State, on the relation of Hutchinson, Price and Green, against the appellant Collins, a constable of Rush county, and the appellant Draper, as his surety on his official bond, to recover damages.

The appellee's relators had a chattel mortgage on certain goods belonging to one William T. Spradling. Collins, as constable, had in his hands an execution against Spradling on a judgment for $100 in favor of one Jacob Beckner, which execution was junior to the mortgage. He sold the property on the execution, and, without first requiring the purchaser to comply with the terms of the mortgage, delivered the goods to the latter who removed them out of the reach of relators' mortgage. The complaint, omitting the caption, is as follows:

" Said plaintiffs complain of said defendants, and say that on the 29th day of February, 1889, said William H. Collins was the duly appointed constable of Posey township, Rush county, Indiana, and on the 5th day of March, 1889, he was duly qualified and commissioned as such constable, with said defendants Draper and Glass as his sureties in the sum of $1,000, a copy of which bond is filed herewith, marked 'Exhibit A'; that on the 8th day of July, 1889, one William T. Spradling executed to these relators a mortgage on a certain stock of hardware, situate in a store-room on lot No. 6, in J. W. Green's first addition to the town of Arlington, Indiana, to indemnify them as his sureties on two notes for $100 and $125, payable to one Jacob Beckner, which mortgage was duly recorded in the county where the mortgagor resided, on the 8th day of July, 1889, in chattel mortgage record of said county of Rush, No. 23, on pages

Collins *et al. v.* The State, *ex rel.* Hutchinson *et al.*

242 and 243, a copy of which mortgage is filed herewith, marked 'Exhibit B.'

" Plaintiffs further say that said mortgage bears date of 5th day of April, 1889, but the same was not delivered to plaintiffs, nor accepted by them, until the said 8th day of July, 1889, the day the same was recorded; that the mortgage contained the stipulation that should said Spradling pay said notes at maturity, then said mortgage should be void, otherwise to remain in force, and the further stipulation that said Spradling shall retain possession of said goods until said notes become due; and if said notes are not paid promptly at maturity, said relators should have the right to take possession of same, and the same should become the absolute property of said relators. And relators say that said Spradling did not pay either of said notes at maturity, but has failed and refused to pay any part thereof, though both of said notes became due long before the beginning of this suit.

" They further say said Spradling is wholly insolvent, and judgment on said $100 note was rendered against these relators as such sureties by the Rush Circuit Court, on the 31st day of March, 1890, for $104, and $24 costs, and suit is now pending on said $125 note in said court.

" Relators further say that after the recording of said mortgage the said Spradling confessed a judgment in favor of Hildebrand & Fugate on an account before Willis D. Collins, justice of the peace for said Posey township, for $100, upon which judgment an execution was duly issued and placed in the hands of said Collins as constable of said township; that thereupon said Collins levied upon the goods described in relators' mortgage, and advertised the same for sale on the — day of September, 1889; that thereupon, on said day, said Collins, as such constable, sold said goods so mortgaged to these relators to said firm of Hildebrand & Fugate, who bid the amount of their said judgment, and thereupon, over the written notice and protest of these re-

lators, delivered said goods to said firm of Hildebrand & Fugate, who immediately took the same out of said county and converted them to their own use. They became wholly lost to these relators, whereby relators further say said goods so mortgaged to them, and so sold by said Collins to said Hildebrand & Fugate, were of the value of $400, and said Collins wholly failed and refused to require said purchasers to comply with the terms of relators' said mortgage, but then and there unlawfully, negligently, and carelessly, and without any regard to the conditions of his bond, and in breach thereof, and disregarding his duty as such constable, then and there diverted the same from the security and payment of said notes, and then and there unlawfully delivered said mortgaged goods to said firm of Hildebrand & Fugate, to the damage of the relators in the sum of $300, for which they demand judgment, and for all other proper relief."

Copies of the constable's official bond declared upon, and of the mortgage or bill of sale referred to in the complaint, are filed as exhibits with the same.

The bill of sale or mortgage reads as follows:

"Know all men by these presents that William T. Spradling, of Rush county, in the State of Indiana, have this day bargained and sold, and do hereby bargain and sell, unto Robert Hutchinson, Elihu Price and J. C. Green, of Rush county, for the sum of two hundred and twenty-five dollars to him in hand paid, the receipt whereof is hereby acknowledged, the following described personal property, to wit: The stock of hardware, situate in store-room on lot No. 6 in J. W. Green's addition to Arlington, Indiana. This indenture is to indemnify the mortgagees as surety for the mortgagor to Jacob Beckner, as herein specified hereafter.

"The condition of this bill of sale is that, whereas the said William T. Spradling is indebted to said Jacob Beckner in the sum of two hundred and twenty-five dollars, evidenced by his promissory notes dated January 23, 1889, payable September 1st and December 25, 1889, after date, without

Collins *et al. v.* The State, *ex rel.* Hutchinson *et al.*

any relief from valuation or appraisement laws, said notes being for the sum of one hundred and one hundred and twenty-five dollars : Now, if the said William T. Spradling shall well and truly pay said notes at maturity, with all interest due thereon, then this instrument shall be void, otherwise to remain in force. It is agreed and understood by the parties hereto that said William T. Spradling shall retain possession of said property hereby sold until said notes hereby secured become due, and if said notes are not paid promptly at maturity said Robert Hutchinson, Elihu Price and J. C. Green shall then have the right to take and keep possession of said property, wherever it may be found, without any process of law, and the same shall become the absolute property of said Robert Hutchinson, Elihu Price and J. C. Green, and the said William T. Spradling hereby expressly agrees not to remove said property from the place where it now is without the consent of said Robert Hutchinson, Elihu Price and J. C. Green, nor to sell, assign or lease the same without such consent; to use such property well, keep the same insured in some reliable company, and in good repair, and in case of default being made in any one of these conditions, or if the property shall be levied on by execution from any court, or shall come into the hands of any administrator, guardian, executor, assignee, trustee or commissioner to be sold, then, and in either of such cases, the mortgagees shall have the right to take immediate and unconditional possession of the same for their own use forever.

" Witness my hand and seal this 5th day of April, 1889.

(Sig.) . " WILLIAM T. SPRADLING."

Then follows the acknowledgment.

To the complaint the appellants each separately demurred, and as a cause of demurrer alleged that said complaint did not state facts sufficient to constitute a cause of action. The demurrers were each overruled, and the appellants excepted. Issues were joined, the cause was tried by the court, and there was a finding and judgment for the appellee against

the appellants in the sum of $240.65, this being the amount of the indebtedness for which the appellee's relators were bound as sureties, with interest.

The appellants moved for a new trial, assigning as a cause therefor that the finding was excessive. The motion having been overruled the appellants again excepted, and hence this appeal.

The overruling of the demurrers and of the motion for a new trial are assigned as error. We shall notice these in their order:

*First,* then, was the complaint sufficient to withstand the demurrer?

It is provided by statute as follows:

" Goods and chattels pledged, assigned, or mortgaged as security for any debt or contract, may be levied upon, and sold on execution against the person making the pledge, assignment, or mortgage, subject thereto, and the purchaser shall be entitled to the possession, upon complying with the conditions of the pledge, assignment, or mortgage." Section 722, R. S. 1881.

Under this provision of the statute it has been frequently decided that when property thus mortgaged, pledged or assigned is levied on, the levy is only upon the interest which the mortgagor has in such property after the payment of the mortgage, etc., or, in other words, upon the equity of redemption, but that for the purpose of the levy and sale of such interest the officer may take the property in possession as against both the mortgagor and the mortgagee. *Sparks* v. *Compton,* 70 Ind. 393; *Hackleman* v. *Goodman,* 75 Ind. 202; *Louthain* v. *Miller,* 85 Ind. 161; *Slifer* v. *State, ex rel.,* 114 Ind. 291; *McDaniel* v. *State, ex rel.,* 118 Ind. 239.

But, while this right to take the property in possession on the part of the officer has been thus fully recognized, it is true, also, that it is the duty of such officer to exercise due care for the protection of the interest of the mortgagee in the property, and that he is prohibited not only from divert-

ing such property from the security of the mortgage, but from doing anything which has the effect of diminishing its value as such a security. *Syfers* v. *Bradley*, 115 Ind. 345. And if, in such case, the mortgage has been duly recorded, the officer is bound to take cognizance of the same without any other notice. *McDaniel* v. *State, ex rel., supra.*

In the case just cited it is also held that an officer who levies upon property thus mortgaged, and sells it upon an execution, the lien of which is junior to that of the mortgage, must hold it until the terms of the mortgage have been complied with by the purchaser, and if he fails to do this he is liable on his official bond for any damage sustained by the mortgagee.

With these principles so well settled by the decided cases, it would seem to admit of but little difficulty to arrive at a correct and proper solution of the question before us. We think it inevitable that the action of the trial court must be sustained, unless the principles involved in the case at bar form some exception to the general doctrine enunciated in the cases cited. This we understand the appellants to concede, but their counsel claim that such an exception does exist here, in the fact that the relators have not yet lost anything by reason of their suretyship, as disclosed by the complaint.

The instrument relied upon is an indemnity mortgage, given to indemnify the relators against any loss on account of their being sureties on certain notes. It seems that as between the mortgagor and mortgagee, at least, the authorities make some distinction between mortgages purely indemnifying in their provisions, and those containing a promise, or condition, binding the mortgagor to the payment of the debt. In the former class there can be no recovery until the mortgagee has actually paid the debt for which he is surety; while in the latter the mortgage may be foreclosed whenever the principal makes default in the payment of the debt, without reference to whether the mortgagee has actually paid out anything or not. In such cases the failure to

pay on the part of the mortgagor, when the debt is due, is held to constitute the breach in the condition of the mortgage, and the mortgagor may proceed at once to make the money out of the mortgaged property, and apply it to the payment of the debt for which he is liable as surety. *Catterlin* v. *Armstrong*, 101 Ind. 258; *Reynolds* v. *Shirk*, 98 Ind. 480; *Bodkin* v. *Merit*, 86 Ind. 560; *Strong* v. *Taylor School Tp.*, 79 Ind. 208; *Gunel* v. *Cue*, 72 Ind. 34; *Devol* v. *McIntosh*, 23 Ind. 529; *Johnson* v. *Britton*, 23 Ind. 105; *Weddle* v. *Stone*, 12 Ind. 625; *Loyd* v. *Marvin*, 7 Blackf. 464; Brandt Suretyship, etc. (2d ed.), section 221 *et seq.*

In some degree, we think, these principles may be applied to suits of the character of the one under consideration, the officer, for the time being, occupying the position of the debtor.

An examination of the mortgage in this cause will disclose that by its condition Spradling was bound to pay the notes upon which the relators were sureties at a time certain, viz.: January 23, 1889, and December 25, 1889, respectively. This condition, we think, makes the instrument more than a strictly indemnifying contract.

In the case of *Devol* v. *McIntosh*, *supra*, the court, quoting approvingly from *Gilbert* v. *Wiman*, 1 Comst. 550, says: "When the instrument deviates the least from a simple contract to indemnify against damage, even where the indemnity is the sole object of the contract, and where, in consequence of the primary liability of other persons, actual loss may be sustained, the decisions of our courts, although by no means uniform, have gradually inclined toward fixing the rule to be one of actual compensation for probable loss; so that, in contracts of that character, it may now be considered a general rule, both in this country and in England."

The bill of sale in the present case, permits the mortgagor to retain the possession until default be made in payment. It also provides that if the mortgaged property shall be leved on, etc., this, as well as a default in payment, shall enti-

Collins *et al. v.* The State, *ex rel.* Hutchinson *et al.*

tle the mortgagees to take immediate possession without process of law, and the same shall become the absolute property of the mortgagees.

These conditions had been broken at the time of the sale; at least the one in reference to a levy by an officer had been broken. The mortgagees were therefore entitled to the immediate possession. The constable knew of the existence of the mortgage and of its terms. He knew it, as the complaint avers, from actual information and notice, and the law conclusively presumes that he knew it from the records.

By the terms of the mortgage the mortgagees had also become the holders of the legal title to the property. *Lee* v. *Fox*, 113 Ind. 98; *Ross* v. *Menefee*, 125 Ind. 432.

In addition to these facts it is averred that the mortgagor and principal of the notes is wholly insolvent and unable to pay the debt. The liability of the relators to pay the debt for which they were sureties is therefore fully shown by the averments of the complaint, which the demurrer admits. Where this is the case the mortgagee need not wait before he can maintain his action until he has paid the debt or incurred actual loss. *Walling* v. *Lewis*, 119 Ind. 496; Brandt Suretyship, etc. (2d ed.), section 221.

If this were an action, therefore, between the mortgagees and the mortgagor to foreclose the mortgage, there can be no doubt but that the right to foreclose would be fully established.

The appellants insist, if we understand their counsel correctly, that the rules as between mortgagor and mortgagee of an indemnity mortgage can not be applied in measuring the liability of an officer charged with the commission of a tort; and that as to such officer there can be no recovery on his official bond until it has been shown that the party complaining has been actually damnified.

We can not see, however, upon what principle the officer can be held as exempt. He was expressly forbidden by law, as we have seen, from delivering the property until the terms

of the mortgage had been complied with. *Syfers* v. *Bradley, supra; McDaniel* v. *State, ex rel., supra.* He must be held to know that a liability had accrued to the mortgagees by the terms of the mortgage. He must be held to know that the purchaser had acquired nothing by the sale except the mortgagor's equity of redemption, and that the relators had the primary right of possession, the legal title to the property, and the right to apply the same to the payment of the debt for which they were sureties, and that if anything belonged to the purchaser it was only what was left of the proceeds after the said debt had been paid, unless the purchaser himself would then and there pay said mortgage debt. His knowledge of these facts made it a breach of his official duty to allow the property to be removed beyond the reach of the mortgage. This breach of duty makes him liable on his bond. The fact that the mortgagees have paid out nothing as yet is no defence to the action, any more than it would be a defence to the foreclosure of the mortgage.

It is true that he has nothing to do with deciding upon the validity of the mortgage or passing upon the questions involved in its terms as between the parties, but he must hold the possession of the goods until those questions have been settled, and if he surrenders it sooner he does it at his peril. *McDaniel* v. *State, supra.*

We think, therefore, that the facts pleaded disclose a valid cause of action, and the demurrer was properly overruled.

The remaining question arises upon the overruling of the motion for a new trial.

It is urged that the amount of the finding is excessive. The court, as we have seen, adopted as the measure of damages the amount of the debt to secure which the mortgage was given.

The value of the property was proved to be greater than the amount of such debt. The smallest value placed upon it by any witness was $375. Less than this the court could not have found it to be. Where the value of the property

is found to be less than the amount of the debt, the measure of damages is such value of the property; while if the value of the property is more than the debt, the amount of the indebtedness furnishes the measure for the amount of the damages. *Slifer* v. *State, supra.*

Tested by this rule, the court correctly placed the damages at $240.65, the principal and interest of the notes for which the relators are liable.

We find no error in the record.

Judgment is affirmed.

Filed Feb. 4, 1892.