L'otz, J.
This was an action to recover the possession of certain personal property, brought by the appellee against the appellants. The facts as found by the court are briefly as follows: The appellant Hollenbeck recovered a judgment in the Monroe Circuit Court against the appellee and another. The cause of action on which it was based grew out of a contract. A writ of execution was issued on said judgment and came into the hands of the appellant Adams as sheriff of said county, who levied upon, and took into his possession, the property in controversy. The appellee being a resident householder, and entitled to the benefit of the exemption laws, after the levy and before sale, presented to the sheriff a schedule of all his property of every description *599 whatever, and demanded that the property described in the complaint be set off to him as exempt from execution. The property was appraised as required by la,w, but the sheriff refused to set the same off to appellee. At the time of the levy, there was a chattel mortgage upon the property for the sum of $1,000, executed by the appellee to George A. Woodford & Co. This mortgage was duly recorded, and provided that upon the breach of conditions therein the property should become the absolute property of Woodford & Co. The court found that there was a breach of conditions, but there is no finding that Woodford & Co. ever exercised their right to take possession, or claimed the property under the conditions broken. The value of the property was found to be $325. There is a finding that the sheriff duly advertised, and sold the property under the levy, and that the appellant Hollenbeck became the purchaser thereof for the sum of $230, but there is no finding that the property was not in existence, or could not be returned to the rightful owner at the time of the trial. The court rendered judgment directing the return, of the property and $25 damages for the detention, or in lieu thereof, that the appellee have personal judgment against both of the defendants, for the value of the property.
Several errors are assigned, but the only one discussed by appellant’s counsel is the overruling of the motion to modify the judgment. Whatever other errors may exist in the judgment and proceedings they are waived by a failure to present them.
The motion to modify requested the court to render judgment for nominal damages only. The contention is that appellee’s interest in the goods was only the equity of redemption from the mortgage of $1,000; that this equity of redemption was the only thing the sheriff could levy on and sell; that this was of no value, and that there *600 fore only a nominal personal judgment should be rendered. Goods and chattels mortgaged or pledged as security for a debt may be sold on execution subject thereto, but the purchaser is not entitled to the possession until he complies with the conditions of the mortgage or pledge. Section 734, R. S. 1894.
Filed Jan. 31, 1895.
The sheriff is bound to take notice of recorded mortgages, and it is his duty to require the purchaser to comply with the conditions of the mortgage before placing him in possession. Collins v. State, ex rel., 3 Ind. App. 542.
There is no finding that the sheriff did not require the purchaser to comply with the conditions of the mortgage. In the absence of such finding, the presumption will be indulged that the officer did his duty and that he realized from the sale the sum of $230. If he did so, the appellants would not be entitled to have the judgment reduced to a mere nominal personal judgment. But aside from this the appellee, under the findings, was entitled to have the property set off to him as exempt from execution. The fact that it was mortgaged did not deprive him of this right. The appellants were in the wrong in retaining the possession of the property under the circumstances. They can not shield themselves behind a condition broken of the mortgage, for that is a privilege personal to the mortgagee alone. A privilege of. which he may or may not avail himself, and certainly can not be invoked by one who is not a party to the mortgage.
Judgment affirmed.