The State, *ex rel.* Doob, *v.* Bergner *et al.*

---

THE STATE, EX REL. DOOB, *v.* BERGNER ET AL.

[No. 2,472.    Filed June 14, 1898]

MORTGAGES.—*Sale of Mortgaged Chattels on Execution.—Liability of Officer.*—A constable who sells mortgaged chattels on an execution against the mortgagor, and delivers the same to the purchasers without requiring a compliance with the terms of the mortgage, is liable only for nominal damages, where the chattels were not removed from the county and were within a short distance of where the mortgagee lived.

From the Lake Circuit Court.    *Affirmed.*

*Ibach & Ibach,* for appellant.

*F. N. Gavit* and *T. S. Fancher,* for appellees.

The State, *ex rel.* Doob, *v.* Bergner *et al.*

· ROBINSON, J.—There is in this record but one question, the solution of which depends upon the law applicable to the following facts: In April, 1890, it appears appellee, Bergner, duly qualified as a constable, with his co-appellees as sureties on his bond; that he regularly appointed William Emmel his deputy, and at the times hereinafter mentioned said Emmel was a duly qualified and acting deputy constable; that in March, 1893, one William Burnett was indebted by notes to the relator, and to secure the same executed a chattel mortgage which was recorded as the statute provides; that under the conditions of the mortgage the mortgagor was to retain possession of the mortgaged property until the notes became due or until the mortgagee felt himself insecure, or if the property should be levied upon by virtue of an execution or any writ from any court then the mortgagee should have the right to take immediate and unconditional possession of the same for his own use; that on the 27th day of October, 1893, one August Wuestenfeld commenced suit against said Burnett before a justice of the peace, and filed his affidavit and bond in attachment; that a writ of attachment was issued, and on said day said Emmel levied the same on the property described in the mortgage, and took the same into his possession, and removed it from the place where Burnett had it stored; on January 5, 1894, judgment was rendered against Burnett in favor of Wuestenfeld for $51.65 and costs, and the attached property ordered sold, the same being the said mortgaged property; on the 31st day of January Emmel sold the property to divers persons, all of whom were to the relator unknown, and delivered to the purchasers said property without complying with the terms of said mortgage; that on January 10, relator informed Emmel that he had a chattel mortgage on said prop-

erty, and from thence forward the mortgagee knew that the constable had all of said property unsold and in his possession under levy; that when said property was levied on the mortgage became entirely due and payable; that said Emmel did not sell said property in gross to one person, but article by article, to various persons who lived in the same county with the relator, and all within one quarter to one mile from where relator lived, and with one or two exceptions all lived at the same places when this suit was brought; that the relator at no time knew to whom said Emmel delivered said property except some chairs valued at $3.00; that relator knew of the day, when, and time and place where, said sale was to be held; that on the day of the sale said property was worth $75.00, and there was due and unpaid on said notes secured by the mortgage, $160.00, which is still due relator; that the purchase money on said sale was applied on said judgment.

The court stated as conclusions of law, that by delivering said property to the purchasers without requiring them to comply with the mortgage, appellee, Bergner, committed a breach of his official bond, that as a result of such wrongful acts of Bergner the relator sustained damages in the sum of one cent, and that relator should recover of appellees one cent damages and one cent costs.

Section 734, Burns' R. S. 1894, provides that, "Goods and chattels pledged, assigned, or mortgaged as security for any debt or contract may be levied upon, and sold on execution against the person making the pledge, assignment, or mortgage, subject thereto, and the purchaser shall be entitled to the possession, upon complying with the conditions of the pledge, assignment, or mortgage." Under this statute the officer is entitled to the possession of the property mortgaged

as against both the mortgagor and mortgagee for the purpose of selling it on an execution. *Landers* v. *George*, 49 Ind. 309; *Olds* v. *Andrews*, 66 Ind. 147; *Sparks* v. *Compton*, 70 Ind. 393.

The record of the mortgage was notice to the officer that there was a lien on the property of the attachment debtor prior to the lien of his writ. He must be held to have known that a liability had accrued to the relator under the terms of the mortgage, and that the relator had the primary right to possession of the property. He had nothing to do with the validity of the mortgage but to treat it as a valid lien. He had the right to the possession of the property, and had the right to sell it, but he could not give the purchasers possession of the property until the terms of the mortgage had been complied with because the statute expressly forbids him to do so. He did sell it, and gave the purchasers possession but failed to require the purchaser to comply with the conditions of the mortgage, and for this breach of duty he became liable on his bond.

But upon the facts the trial court was right in assessing damages in a nominal sum only. It cannot be presumed that the property, simply by delivering its possession to the purchasers, was necessarily materially injured, or that its value as a security for the mortgage debt had been diminished. The burden was on the relator to show such facts as would entitle him to substantial damages. There is no finding that shows that the property was injured, or that its value as a security has been impaired, but on the other hand the finding shows that after the sale, and when this suit was brought, the property was still within the county, and within a short distance of where relator lived. As soon as the levy was made the relator, under the mortgage, had the right to the immediate posses-

sion of the property. For about three weeks before the sale he knew that the levy had been made, and that the property was in the possession of the officer. For some reason he did not take possession, but permitted the property to be sold. The sale did not de vest his lien, and for aught that appears the property was as valuable as a security for his debt after the sale as it was before. He does not show that his security had been lost by the acts of the officer, or that its value has been necessarily diminished.

In the case of *Collins* v. *State, ex rel.*, 3 Ind. App. 542, cited by counsel, it appeared that the officer had sold the mortgaged goods and delivered them to the purchasers, who immediately took the same out of the county and converted them to their own use, and that they became wholly lost to the mortgagees, and the officer was held liable on his bond for more than nominal damages. But the facts clearly distinguish that case from the case at bar.

In the case of *Slifer* v. *State, ex rel.*, 114 Ind. 291, a constable sold mortgaged chattels and delivered possession to the purchasers without the conditions of the mortgage having been complied with. It does not appear whether the purchasers took the goods away, nor is there anything to show what was done with them. The court held that as the finding failed to show the value of the property, and nothing being found to indicate that the property had been materially injured or that its value as a security for the mortgage debt had been diminished by its delivery to the purchasers, a case was not made for more than nominal damages. See, also, *McDaniel* v. *State, ex rel.*, 118 Ind. 239. Judgment affirmed.